MARY CALLAHAN, APPELLANT, v. EDWARD B. CALLAHAN, APPELLEE.

1. **Divorce:** CONFLICTING TESTIMONY. In a case brought to the supreme court on appeal, where no question of law is involved, and the testimony is conflicting and pretty evenly balanced, the finding of the court will not be disturbed.

2. ———: ———. In order to justify a reversal of the finding of the court below, on a question of fact, such finding must be shown to be clearly wrong.

3. ———: ALIMONY. A reasonable allowance of alimony, during the pendency of an action for divorce brought into the supreme court upon appeal, will be made.

APPEAL from the district court of Douglas county.

Tried below before SAVAGE, J., who rendered judgment in favor of defendant.

*J. L. Webster,* for appellant.

*J. C. Cowin,* for appellee.

LAKE, J.

This is an appeal from Douglas county. The action was brought to obtain a divorce from the bonds of matrimony, the only ground relied upon being that of extreme cruelty—the charge of habitual drunkenness, which is also contained in the petition, having been abandoned. The court below found the issues in favor of the defendant, and dismissed the action, and the case is brought here for review.

The question presented by the record is one of fact only, no question of law being raised. The simple issue is as to whether the charge of extreme cruelty is established by the evidence adduced upon the trial, and which is now before us in the form of a bill of exceptions.

As the case is presented by the petition and testimony of the plaintiff, the alleged extreme cruelty, which was the immediate cause of the commencement of these proceedings for a divorce, occurred on or about the twentieth of May, 1876. It is true that before this time there had been, on several occasions, some difficulties and broils, which show pretty conclusively that the utmost harmony and kind feeling did not at all times prevail in their home. But there was, certainly, nothing that would have furnished a sufficient reason for granting a divorce, even by the plaintiff's own showing, up to the occurrence which resulted in her leaving the defendant.

From this it is seen that the result of the case must depend upon the defendant's treatment of his wife at the time she left him; and if this be not shown to have amounted to what is known as extreme cruelty, by at least a fair preponderance of the evidence, then the charge must fail, for upon the plaintiff rests the burden of proof.

The alleged cruelty on this occasion, as shown by the petition, is: "That at said time and place said defendant did strike, assault, beat, and maltreat this plaintiff, to her great personal injury, and that said defendant did, then and there, threaten to do greater damage and personal injury to plaintiff, and did attempt to do this plaintiff further bodily harm, and was prevented from so doing by a bystander, who caught and held said defendant until this plaintiff escaped." This is a very general charge, indeed, and of itself, unexplained by the testimony, can hardly be said to make a case of extreme cruelty. But it was sufficient to admit evidence, and to that we must resort to ascertain the character of the injuries.

It would not be profitable to enter upon a critical examination and discussion of the testimony given by the several witnesses in this opinion. We have, however, read it carefully, and agree with counsel that, as to the vital points in the case, it is absolutely irreconcilable, and pretty evenly balanced, so that it is perhaps impossible to say with certainty just where the exact truth of the matter rests.

It is barely possible that the story told by Mrs. Callahan on the witness stand, if it were entirely uncontradicted, might sustain the charge of extreme cruelty, although her testimony is open to much criticism, and is far from satisfactory on very many points. She says, for instance, of the affair of the twentieth of May, when she left her husband, that he "grabbed me, and struck

me, and kicked me from foot to head," and " he grabbed my hair and pulled me as I ran." But as to the striking and kicking, she is entirely unsupported; and as to the pulling of her hair, but a single witness, a Miss Lynch, corroborates her story. As to Miss Lynch, she seems to have taken too much interest in the case to entitle her to the utmost credit. Again, if the defendant had struck and kicked his wife, in the way she would evidently lead us to believe, there must have been some visible marks left on her person, which, in the condition of her mind at that time, she would not have been slow in exhibiting to her friends. But of all the numerous witnesses called in her behalf, not a single one saw any mark of violence upon her body, or heard from her the least complaint of personal injury. In fact, the case seems to be almost entirely wanting in those indicia that invariably accompany an honest, well-founded charge of personal violence.

In addition to this inherent weakness of the plaintiff's proof on this point, we have the positive denial of the defendant that he either struck or kicked the plaintiff, or pulled her hair, or committed any violence upon her. And in this he is fully corroborated by the only witness, a Mr. Arnold, who was in the house with the parties during the entire affray.

In the condition in which we find the testimony, even if it had not already been passed upon by a court receiving it directly from the lips of the witnesses themselves, we do not think we would be warranted in holding the charge of extreme cruelty to be made out. And further, we think that, in a case of so great conflict in the testimony as is here presented, the finding of the court in which the case was first tried is entitled to our respect, and should not be disturbed unless it is shown to be clearly wrong.

For these reasons, the finding and judgment of the

court below are affirmed, and a judgment entered dismissing the case, at the costs of the plaintiff.

JUDGMENT ACCORDINGLY.

Prior to the argument of the above case, plaintiff filed a motion for the allowance of $100 alimony.

*Per Curiam*—The motion is sustained.