PEAVEY v. PEAVEY.

1.  **Divorce:** ADULTERY AND INHUMAN TREATMENT : INSUFFICIENT EVIDENCE.  Action for a divorce on the grounds of adultery and inhuman treatment.  The evidence is considered (see opinion), and, while it shows that defendant was not altogether discreet in her associations with her brother-in-law, it also shows that plaintiff cohabited with her long after many of these indiscretions had been committed, and they are *held* not sufficient to establish the charge of adultery.  And as to the charge of inhuman treatment, while it appears that defendant applied to plaintiff opprobrious names, and threw a frying-pan at him, and threw a dish-cloth in his face, she did these things under provocation from him, and it is *held* that this charge was not established.

2.    ———: ALLOWANCE TO WIFE FOR APPEAL: APPEAL NOT TAKEN:
ALLOWANCE SET ASIDE.   In this case the wife, who was the defend-
ant, but who also sought a divorce in a cross-petition, had an
allowance made her for the purposes of an appeal from the judg-
ment denying her a divorce.   But it appears that no appeal was
ever perfected, because she failed to serve notice of an appeal on
the clerk below,—though such notice was served on one of plain-
tiff's attorneys,—and she has not appeared in this court.   *Held*
that her appeal must be regarded as abandoned, and that the
allowance should be set aside.

*Appeal from Mitchell Circuit and District Courts.*
HON. JOHN B. CLELAND, Judge.

FILED, DECEMBER 22, 1888.

PLAINTIFF seeks a divorce from defendant, on the
grounds of adultery and cruel and inhuman treatment.
Defendant denied the grounds alleged, and asked a
divorce from plaintiff on the ground of cruel and
inhuman treatment.   The circuit court found that
neither party was entitled to the relief demanded, and
rendered judgment accordingly.   The defendant caused
a notice of appeal to be served on one of the attorneys
for plaintiff on the thirtieth day of December, 1886, but
it is not shown to have been served on the clerk.   On
the same day defendant filed a motion for an allowance
to enable her to perfect her appeal.   This was sustained
on the twenty-fourth day of January, 1887, by the
district court, and the plaintiff was ordered to pay to
defendant the sum of one hundred dollars within thirty
days, for the purpose of perfecting her appeal.   Plaintiff
appeals from the order and judgment.

*J. M. Moody* and *M. M. Browne*, for appellant.

No appearance for appellee.

ROBINSON, J.—Plaintiff and defendant were married
on the twenty-fourth day of January, 1884, after a
brief acquaintance.   Each had been married before.
Plaintiff was over fifty years of age, and had several
children, four of whom made their home with him.

Defendant was over thirty years of age, and had children, but none of them lived with her. The parties lived together from the time they were married until the latter part of June, 1885, when they separated.

I. The evidence shows that the defendant caused plaintiff much trouble, and that they quarreled frequently. The conduct of the wife was indiscreet, and even indecent, at times, and her language was frequently vulgar, and even obscene. Plaintiff charges that she was guilty of adultery with her brother-in-law, Robert Smith, after the marriage. One of these occasions was on or about the thirtieth day of March, 1884. Plaintiff insists that he found her in bed with Smith at that time. It appears that Smith was sick, and confined to his bed. Plaintiff and defendant went to his house to assist in taking care of him, and remained all night. It was agreed that defendant should sit up during the first part of the night, and that she should then call the plaintiff. During the latter part of the night plaintiff, not having been called, awoke, and went into the adjoining room, where Smith was lying, and says he found his wife, partially undressed, in bed with Smith. She admits that she had removed a portion of her underclothing, but states that she was not lying in the bed, but partially on it, with her feet in a chair by the bedside; that Smith was asleep, and that she had been thus lying but a few minutes; also that her sister, Smith's wife, was in the room at the time. She is corroborated in part by Mrs. Smith. But, even if plaintiff be correct as to the position in which he found his wife, we are satisfied that Smith's condition was such as to preclude sexual intercourse. The evidence as to other acts of the defendant is conflicting, and fails to show adultery. It appears that on the eighteenth day of June, 1885, the parties hereto called on a justice of the peace, and made statements as to the fact, and agreed to live together as husband and wife. The defendant confessed that she had been guilty of improper conduct, and promised to do better in the

1. DIVORCE: adultery and inhuman treatment: insufficient evidence.

future. The parties then lived together as husband and wife for a few days, when the final separation was effected. It is not claimed that she was guilty of adultery during this time. While the parties were' cohabiting, the wife made frequent visits to Smith's house, and sometimes walked and rode with Smith. After she left plaintiff she made her home with him, and these are the matters of which plaintiff chiefly complains. But something more than this is necessary to show adultery. It was natural, and not improper, that defendant should desire to visit her sister frequently, and that she should be somewhat more free with Smith than with a man to whom she was not related. In her intercourse with him she may have overstepped the bounds of propriety. But the plaintiff knew of all these matters long before the final separation, and while he and his wife were cohabiting. It is true he says that she repeatedly promised to reform, but we are constrained to believe that he attaches more importance to the acts of which he complains now than he did when they occurred.

II. It is shown that defendant applied to plaintiff at different times opprobrious epithets, and that on one occasion she threw a frying-pan at him, and threw a dish-cloth in his face. But it appears that this was caused by his calling her offensive names, and, while her response was not justifiable, it was neither unnatural nor unprovoked. Defendant is charged with attempting to poison the plaintiff and his family by mingling bluing and saltpetre with their food. The evidence as to these alleged attempts is far from being satisfactory. We are inclined to think that the use of these articles was accidental. On the whole, we conclude that defendant's treatment is not shown to be such as to endanger the life of plaintiff. It is true that her conduct was reprehensible in many respects, but it is what plaintiff might reasonably have anticipated had he taken the precaution to become reasonably well acquainted with her before marriage.

III. Appellant complains of the allowance of one hundred dollars made by the district court to enable defendant to perfect her appeal. The record shows that she had received previous allowances, and that the one in question was made to enable her to perfect her appeal, and for no other purpose. The record fails to show that she ever took an appeal; the service of notice on the attorney alone not being sufficient for that purpose. *Ind. Dist. of Sheldon v. Apperle, ante,* p. 238. She has made no appearance in this court for any purpose. We must therefore conclude that her appeal is abandoned, and that her allowance was sufficient before the one in question was made. It is therefore set aside. The judgment of the court below is

AFFIRMED.

*2. —— : allowance to wife for appeal : appeal not taken : allowance set aside.*