## POLLOCK V. POLLOCK.

The facts in this case examined, and *held* sufficient to entitle the wife to temporary alimony, consistent in amount with her necessity and the ability of her husband to pay.

(Syllabus by the Court.   Opinion filed August 15, 1895.)

Original application for alimony pending an appeal by applicant in an action for divorce.   Granted.

The facts are stated in the opinion.

*Crawford & DeLand* (*Walter C. Fawcett* of counsel) for appellant.

An application for suit money and temporary alimony may be made to the supreme court to enable a wife to prosecute her appeal and to support her pending a hearing of the same. Friend v. Friend 27 N. W. 34; Wagner v. Wagner, 30 N. W. 766; McBride v. McBride, 23 N. E. 1065; Bohnert v. Bohnert, 27 Pac. 732; Grant v. Grant, 5 S. D. 1. An allowance may be allowed to the wife to pay counsel for prosecuting an appeal. Vanduger v. Vanduger, 31 N. W. 956; Pleyton v. Pleyton, 25 Pac. 25; Chaffee v.

Chaffee, 14 Mich. 463; Robinson v. Robinson, 21 Pac. 1095. The court may decline to hear the husband until he has made the necessary provision for the wife to defend herself. Purcell·v. Purcell, 3 Edw. Ch. 194; Lynde v. Lynde, 4 Sandf. Ch. 375; Thayer v. Thayer, 9 R. I. 380; Hallock v. Hallock, 4 How. Pr. 161; 1 Am. & Eng. Ency. Law, 473.

*Palmer & Rogde,* for respondent.

An allowance for temporary alimony is purely a matter of discretion with the trial court. Zeigenfuss v. Zeigenfuss, 21 Mich. 414; Whitmore v. Whitmore, 49 Mich. 417; Crouse v. Krouse, 23 Wis. 354; Freeman v. Freeman, 31 Wis. 235; Holthoefer v. Holthoefer, 47 Mich. 643; Goldsmith v. Goldsmith, 6 Mich. 285; Stillman v. Stillman, 99 Ill. 196; Foote v. Foote, 22 Ill. 425; Foss v. Foss, 100 Ill. 576. An original application for alimony cannot be made in the appellate court. Hunter v. Hunter, 100 Ill. 477; Reilly v. Reilly, 60 Cal. 624; *Ex-parte* Ambrose, 72 *Id.* 398; S. v. St. Louis, 99 Mo. 216.

FULLER, J. The action for a divorce to which this original application for temporary alimony relates resulted in plaintiff's favor, and an appeal taken by the defendant from a decree dissolving the marriage is now pending in this court. From the affidavits used in support of this motion, and from the abstract filed in the case appealed from the circuit court, it appears that appellant is without means other than a monthly allowance ordered by the trial court to be paid by respondent, for the support of his wife and their two children, of tender years, which amount she has continually refused, upon the advice of counsel, to accept under the decree, upon the theory that her rights on appeal may be prejudiced thereby. Although there are affidavits before us to the effect that respondent is without means, the facts and circumstances disclosed by the record do not fully justify a conclusion that he is unable to provide his impoverished wife with funds sufficient to prosecute her appeal. It clearly appears that he has promptly complied with all orders of the trial court requiring the payment of money for

the temporary relief of appellant, and has encountered no percept-ible difficulty in retaining eminent counsel, and in raising all funds necessary for the prosecution of his action. Moreover, the undis-puted evidence sustains the irresistible inference that he is a young man in excellent health, whose business relations are permanent in their character, and of a nature which enable him to demand and receive fair compensation for his services.

Upon an application to this court for temporary alimony in the case of Grant v. Grant 57 N. W. 1130, 5 S. D. 1, it was said: "The question is not only what the wife ought to have, but what the husband can and ought to pay." Sympathizing friends seem to be no longer able to contribute to the cause of appellant, nor to pay the balance due on fees, disbursements, and expenses inci-dent to her appeal to this court, which, independently of attor-ney's fees, amount in the aggregate to $275. We have looked into the merits of the case sufficiently to become inclined to believe that the appeal was taken in good faith, and not to harass and annoy respondent; and, assuming that he has no means nor re-sources beyond the salary which it appears from the undisputed evidence he receives from his father, we conclude that respondent should pay for the use of appellant to her counsel, Coe I. Craw-ford, Esq., the sum of $275, on or before the 15th day of Septem-ber, 1895; and it is so ordered.