[No. 4334.  Decided October 7, 1902.]

LILLIE L. BACHELOR, *Respondent,* v. JAMES BACHELOR, *Appellant.*

DIVORCE — SUIT MONEY ON APPEAL — REFUSAL TO ORDER PAYMENT.
    In an action for divorce the husband will not be required to pay suit money to the wife to enable her to conduct her case on appeal, where it is apparent from the showing made that such an order for the payment of suit money would be futile and vain by reason of the husband's inability to comply therewith.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge.

*Govnor Teats* and *E. W. Taylor,* for appellant.

PER CURIAM.—Motion in a divorce suit by plaintiff, the wife, to require the defendant, the husband, to pay suit money to plaintiff to enable her to conduct her case in this court. It appears from plaintiff's affidavit that at her suit, as plaintiff, the superior court of King county granted her a decree of divorce from the defendant; that the defendant has appealed therefrom to this court, and the plaintiff is without money or means to properly present her case on appeal. The affidavit shows that in the trial of the case in the superior court that court made several orders requiring

defendant to pay suit money and alimony to plaintiff, and made several efforts to enforce payment thereof by appropriate process; that defendant had not paid any of such suit money or alimony. The plaintiff does not, in her affidavit here, allege or show the ability of defendant to pay any suit money. Affidavits are presented on behalf of the defendant showing that he is a carpenter by occupation; that he has himself and two children to support; that he has no available means from which any money can be derived; that he is now, and may for an indefinite time be, unable to perform any labor, on account of injuries to his right arm sustained while at work, and which arm is necessary to use while working. Conceding that this court has power to make such an order, which is not here decided, upon the facts it is apparent that any order for the payment of suit money would be futile and vain. For this reason the motion is denied.

DUNBAR, J., dissents.