[No. 7164. Decided February 10, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Augustus H. Holcomb, Plaintiff,* v. JOHN B. YAKEY, *Judge etc., Respondent.*[1]

APPEAL—DECISIONS REVIEWABLE. An appeal from a portion of a decree is expressly authorized by Bal. Code, § 6503.

DIVORCE—ALIMONY—APPEAL—SUPERSEDEAS—RIGHT TO MANDAMUS. Upon appeal from that portion of a decree of divorce awarding alimony and directing the surrender of property, the appellant has a statutory right to a supersedeas pending appeal; and mandamus will lie to compel the superior court to fix the amount of the supersedeas bond.

Application filed in the supreme court January 3, 1908, for a writ of mandamus to the Honorable John B. Yakey, judge of the superior court for King county, to compel the

[1]Reported in 93 Pac. 928.

fixing of the amount of a supersedeas bond pending appeal from a decree of divorce.   Granted.

*Herbert E. Snook*, for appellant.

*Bo Sweeney*, for respondent.

PER CURIAM.—On the 2d day of December, 1907, a decree of divorce was entered in a certain action then pending in the superior court of King county, wherein Eva Holcomb was plaintiff and the relator herein was defendant.   The decree disposed of the property rights of the parties and awarded to the plaintiff the sum of $50 per month alimony, and the care and custody of a minor child.   On the 20th day of December, 1907, the defendant gave written notice of appeal from the decree, excepting that portion thereof awarding a divorce to the plaintiff, and that portion awarding certain personal property to the defendant.   He then applied to the trial court to fix the amount of the supersedeas bond pending the appeal in order to effect a stay of proceedings.   The court refused to fix the amount of the bond or to supersede the judgment, and application was thereupon made to this court for a writ of mandamus requiring it so to do.   The alternative writ issued and the matter is now before us on the return thereto.   The petition for the writ and the return are devoted largely to a discussion of the merits of the original case and to certain contempt proceedings instituted to enforce the payment of the alimony awarded by the original decree, but these questions are not now before us.   The return further challenges the sufficiency of the notice of appeal, because the appeal is prosecuted from a portion of the decree only, but such an appeal is expressly authorized by statute.   Bal. Code, § 6503 (P. C. § 1051).

The only question we can consider at this time is, has an appellant a statutory right to supersede the judgment in a divorce action pending an appeal therefrom.   Our statute, and the decisions of this court construing the same, would

seem to leave no room for doubt on that question. In *State ex rel. German-American etc. Sav. Bank v. Superior Court*, 12 Wash. 677, 42 Pac. 123, this court said:

"Our statute as to appeals, in one section, provides at length what judgments and orders may be appealed from, and in another section, in the same act, provides how proceedings on an order or judgment appealed from may be stayed, and in our opinion it is clear that the legislature intended to give to the party prosecuting an appeal from any order or judgment the right to take advantage of the provisions for staying execution. There is no reason for holding that the provision as to stay bonds applies to one order or judgment mentioned in the preceding section and not to another, and as it must apply to some we feel compelled to hold that it applies to all, and since an order appointing a receiver is in express terms made appealable by the provisions of the act, it must be held that the provision as to stay of proceedings, in the same act, applies to an order of that kind."

To the same effect see, *State ex rel. Denham v. Superior Court*, 28 Wash. 590, 68 Pac. 1051, and cases there cited. In fact we have repeatedly held that prohibitory injunctions and other self-executing judgments are substantially the only ones that may not be superseded under Bal. Code, § 6506 (P. C. § 1054). A decree awarding alimony and directing one of the parties thereto to surrender property to the other falls clearly within the provisions of the supersedeas statute, and the peremptory writ will issue as prayed.