[No. 7164.   Decided May 29, 1908.]

EVA HOLCOMB, *Respondent,* v. AUGUSTUS H. HOLCOMB, *Appellant.*[1]

COURTS—JURISDICTION—APPELLATE COURTS — DIVORCE — ALIMONY PENDING APPEAL. The supreme court has original jurisdiction to entertain an application for temporary ·alimony, attorney's fees and suit money pending an appeal from a judgment of divorce in favor of a wife, under the statutes requiring a trial *de novo* on appeal and declaring that the supreme court shall be possessed of the whole case as fully as the trial court was, and under Const. art. 4, § 4, giving the supreme court power to issue all writs necessary and proper to the complete exercise of appellate and revisory jurisdiction (MOUNT, RUDKIN, and FULLERTON, JJ., dissenting).

DIVORCE—ALIMONY—SUIT MONEY—PENDING APPEAL. · A proper case for the allowance of suit money and alimony pending appeal is shown where the wife secured a judgment of divorce, with alimony, which was superseded on the husband's appeal from the allowance of alimony, and the wife was without means·of support for herself and child.

DIVORCE—SUIT MONEY PENDING APPEAL. In fixing suit money and attorney's fees pending appeal in a divorce case, the supreme court

[1]Reported in 95 Pac. 1091.

will grant only a fair amount for necessary expenses, leaving the ultimate amount of the attorney's fees to the final adjudication of the case.

NE EXEAT—GROUNDS—SHOWING—SUFFICIENCY—DIVORCE. A writ of *ne exeat* preventing an appellant in a divorce case from leaving the state pending the appeal will not be granted, in the absence of a sufficient showing that he is about to do so, and where he has given a supersedeas bond on appeal, and much of the property involved is real estate which cannot be conveyed without consent of the wife.

Application filed in the supreme court January 3, 1908, for an order directing the allowance of attorney's fees, suit money, and alimony pending an appeal from a judgment of. the superior court for King county, Yakey, J., entered December 2, 1907, granting a divorce to the plaintiff. Granted.

*Herbert E. Snook,* for appellant.

*Bo Sweeney,* for respondent.

ROOT, J.—This is an application by respondent to this court in a divorce proceeding, (1) for an allowance of alimony *pendente lite,* for the support of the respondent and her minor child; (2) for an allowance of attorney's fees and expense money to enable her to properly present her case in this court upon the appeal taken herein; (3) for a writ *ne exeat,* restraining and prohibiting the defendant from leaving the state of Washington without the order of this court, and that he be required to give bonds to insure his obedience to the orders of the court; (4) for an order or decree making the alimony a first lien on any and all property of appellant.

The application presents the question of the power of this court to grant alimony, attorney's fees, and suit money pending an appeal of a divorce proceeding in this court. Bal. Code, §§ 5722, 5723 (P. C. §§ 4636, 4637), reads as follows:

"§5722. Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and

such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; and on decreeing or refusing to decree a divorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the action, when such divorce has been granted or refused, and give judgment therefor.

"§ 5723. In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage."

A portion of Bal. Code, § 5730 (P. C. § 4641), reads as follows: .

"When either party shall signify a desire to appeal from any of the orders of the court, in the disposition of the property or of the children, the court shall certify the evidence adduced on the trial, and the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case."

Under § 5723 it is conceded that the trial court has power in all proper cases to allow alimony, suit money, and attorney's fees pending the litigation in that court. That portion of §5730 which says, "and the supreme court shall be possessed of the whole case as fully as the superior court was," would seem to imply that the appellate court should, upon the appeal, be vested with every power concerning the parties and the property which was possessed by the trial court during the pendency of the case in that court.

But it is suggested that, under the state constitution, such power is not vested in this court. Where the parties by their pleadings bring before the trial court their property, that court is by § 5722 given express authority to dispose of it.

during the pendency of the action "as may be deemed right and proper." Hence, during that time, the property is practically *in custodia legis*. Section 5723 requires the court, upon granting a divorce, to dispose of the property "as shall appear just and equitable." If an appeal is taken and the decree superseded, where is the control of the property then vested? It could not go absolutely to the appellant, but would be there subject to just such limitations as existed immediately before the decree was entered. That would be the natural effect of the stay bond. It would seem that the power over the property, given by § 5722, would then pass to the appellate court, and should be exercised by that court as an incident to its appellate jurisdiction, essential to the administration of justice in such cases, although possibly it might also be exercised by the trial court in providing for the maintenance of the wife and for the preparation and presentation of her case on appeal; a question, however, that we do not now decide. We think it may be deemed such an incident to the exercise of the appellate and revisory jurisdiction of this court in a case like this at bar, for two reasons: (1) because the state is an interested party in every divorce case, and public policy forbids that the issues in such a case should be adjudicated when the wife, by reason of the withholding of her property by the husband, is unable to appear or be heard concerning the rights of herself and minor children;. (2) because she, being a joint owner in the property which by §§5722 and 5723 is made subject to the control *pendente lite* and to the disposition finally of the court, is entitled, both as a matter of right and public policy, to such an allowance from the property as will sustain her during the litigation and enable her to be heard before both the trial and appellate courts as to her claims and rights involved in the litigation.

A divorce case is tried in this court *de novo* upon the record and evidence brought from the trial court. In the consideration and determination of the case, we must consider not only the interests of the husband and wife, but also the interests

of the state and society generally and of the minor children of the parties. The peculiar character of a divorce proceeding is such that both justice and public policy demand an opportunity for the wife to be present or heard before her property and other rights are passed upon by the appellate court. The law cannot consistently say to her: "You must support yourself during this litigation and defend the interest of yourself, children, and the state, appear on this appeal and pay all expenses for preparing and presenting your case," and then add: "But you will not be allowed any of your money or other property, tied up herein, with which to meet such demands, even though your inability to appear results disastrously to the interests of yourself, your infant child, and the state." We do not think our constitution and statutes demand a construction producing such an incongruity. To say that the law requires the wife to do something which the law makes it impossible for her to do, is to assert a proposition to which we cannot accord legal sanction. We think this court has the power to exercise its jurisdiction so as not to give recognition to such a doctrine. Where, as in this case, there is a considerable amount of community property involved, all of which is tied up by a stay bond on appeal, we think this court has the power, incidental to its appellate jurisdiction, to award from such property a sufficient amount to support the wife and minor child and to properly present her case herein. We think such power is contemplated in § 4 of art. 4, of the State Constitution, where it says: "The supreme court shall also have power to issue  .  .  . all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction."

While upon the general proposition as to an appellate court having this power, there is some conflict in the authorities, we believe the weight of authority sustains the affirmative of the proposition. *Bachelor v. Bachelor*, 30 Wash. 203, 71 Pac. 193; *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216; *Willey v. Willey*, 22 Wash. 115, 60 Pac. 145, 79 Am. St. 923; *Chaffee*

*v. Chaffee,* 14 Mich, 462; *Goldsmith v. Goldsmith,* 6 Mich. 284; *Hall v. Hall,* 77 Miss. 741, 27 South. 636; *Prine v. Prine,* 36 Fla. 676, 18 South. 781, 34 L. R. A. 87; *Lake v. Lake,* 17 Nev. 230, 30 Pac. 878; *Van Voorhis v. Van Voorhis,* 90 Mich. 276, 51 N. W. 281; *Zeigenfuss v. Zeigenfuss,* 21 Mich. 414; *Disborough v. Disborough,* 51 N. J. Eq. 306, 28 Atl. 3; *Callahan v. Callahan,* 7 Neb. 38; *Wagner v. Wagner,* 36 Minn. 239, 30 N. W. 766; *Pollock v. Pollock,* 7 S. D. 331, 64 N. W. 165; *Pleyte v. Pleyte,* 15 Colo, 125, 25 N. W. 25; *Day v. Day,* 84 Iowa, 221, 50 N. W. 979; *Weishaupt v. Weishaupt,* 27 Wis. 621; *Krause v. Krause,* 23 Wis. 354; 2 Bishop, Marriage & Divorce, §393; 14 Cyc. 745, 750, 766; 1 Ency. Plead. & Prac. 448, 449; 2 Am. & Eng. Ency. Law (2d ed.), 110; *Clarkson v. Clarkson,* 20 Mo. App. 94. As to the power of the trial court to make this allowance after appeal has been taken, see, also, *McBride v. McBride,* 119 N. Y. 519, 23 N. E. 1065; *Miller v. Miller,* 43 Iowa 325; *Rohrback v. Rohrback,* 75 Md. 317, 23 Atl. 610; *State ex rel. Dawson v. St. Louis Court of Appeals,* 99 Mo. 216, 12 S. W. 661; *Storke v. Storke,* 99 Cal. 621, 34 Pac. 339; *Reilly v. Reilly,* 60 Cal. 624; *Peavey v. Peavey,* 76 Iowa 443, 41 N. W. 67; *Jenkins v. Jenkins,* 91 Ill. 167; *Ex parte King,* 27 Ala. 387; *Ross v. Griffin,* 53 Mich. 5, 18 N. W. 534.

While we are of the opinion that this court has the power to award suit money, attorney's fees, and alimony *pendente lite* in this court, we believe its jurisdiction over these matters should be exercised with much care and discretion, and an award made only where the demands of justice make it clearly essential. In the case at bar the respondent obtained a decree of divorce in the trial court from appellant, and the property, mostly or all having been community in character, was by the decree divided between the parties. An allowance of $50 per month alimony was awarded to respondent by the final decree. The property allowed to respondent was not income producing

property. The defendant appealed from that portion of the decree disposing of the property and awarding the alimony. The respondent is, and for many years has been, a cripple. A young child of the parties was awarded to the care and custody of the mother. The allowance and award not being available by reason of the supersedeas bond, and it being made to appear that respondent has no property of her own and no means of adequate support for herself and child except from friends, we think this is a proper case for the allowance of suit money, attorney's fees, and alimony *pendente lite*. In fixing the amount of suit money, the court will be guided by what it conceives to be a fair amount for printing briefs, meeting docket fee and other expenses incidental to the presentation of respondent's case in this court. In fixing the amount of the attorney's fees, the court will not be guided by what it deems to be adequate compensation for the services of an attorney for respondent in preparing respondent's case and appearing in this court. Those matters, together with the final determination of the question of alimony or other allowance and disposition of property, will be taken into consideration at the final adjudication of the case. At present this court will only allow such amount as we think will enable respondent to secure the legal services necessary to properly represent her interests upon the appeal.

It is the order of the court that appellant be, and he is hereby, directed to pay to the respondent, for the support of herself and minor child, the sum of $50 per month from the date of the supersedeas bond until the filing of the opinion and decision of this court upon the merits of the case, said allowance to be paid on the first business day of each and every month. It also ordered that appellant be, and he is hereby, ordered and directed to pay to respondent, or to her attorney of record, the sum of $50 as suit money, and the further sum of $100 as attorney's fees. That part of the application asking for a writ of *ne exeat* will be denied. We do not think there is any sufficient showing that the appellant is about, or

threatening, to leave the jurisdiction of the court; and in view of the fact that a considerable portion of the property is real estate which it would be difficult for him to pass title to without the consent of respondent, and having in mind also the stay bond, we do not think that an order or writ of this kind is justified. As to an order making the award of alimony a first lien upon appellant's property, there is some question as to whether this court has power so to do, other than as its order allowing the alimony may thus impress the property, a question, however, that we are not called upon to decide at this time. We will decline to make any order concerning this branch of the application.

The order made herein will be in effect from the time of the filing of this opinion.

HADLEY, C. J., DUNBAR, and CROW, JJ., concur.

MOUNT, J. (dissenting).—I dissent. The constitution of this state invests the superior courts with "original jurisdiction in all cases . . . of divorce and for annulment of marriage." Section 6, art. 4, Constitution, and the section of the statute quoted in the majority opinion, Bal. Code, § 5722 (P. C. § 4636), authorizes the judges of such courts to make such orders for the expenses of such actions as will insure to the wife an efficient preparation of her case, etc. The constitution gives this court appellate jurisdiction in this class of cases. Its original jurisdiction is limited to certain named writs and "to all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Const., art. 4, § 4. This is an original application to this court for an order for attorney's fees, suit money, and alimony in a case pending here upon appeal. Affidavits are filed here in support of the application. In order to allow applications of this character we must determine facts which in most cases will be disputed by original evidence. In other words, this court must exercise original jurisdiction. *Reilly v. Reilly,* 60 Cal. 624; *Hunter v. Hunter,* 100 Ill. 477; *Kesler v. Kesler,* 39 Ind. 153; *State*

*v. St. Louis Court of Appeals,* 88 Mo. 135.   No jurisdiction
is conferred by the constitution, and even if the legislature
has authority to confer it upon this court, which is subject
to much doubt, it has not done so nor attempted to do so.   It
is true while the case is pending here on appeal this court is
"possessed of the whole case as fully as the superior court was,
and may reverse, modify or affirm the judgment."   This, of
course, refers only to the appellate capacity of the court.   It
is also true "that a divorce case is tried in this court *de novo*
upon the record," as all equity cases and cases tried by the
court without a jury are triable here; but it has not been sup-
posed until now that this court may go outside of that record,
receive new evidence, and find facts possibly at variance with
the record on appeal, and make or enforce orders which re-
quire the exercise of original jurisdiction in advance of the
hearing of the case upon its merits.

In my opinion this court is assuming jurisdiction in this
matter in violation of the constitution, which confers only
appellate or revisory powers upon it.   If an order of the trial
court granting attorney's fees, suit money, and alimony may
be superseded and thereby the property of a party rendered
unavailable, the hardship created thereby is the result of legis-
lation the remedy for which is in the legislature.   Many cases
appealed here present hardships which we are powerless to
avoid.   The mere delay of an appeal frequently prevents a
party from receiving money to which he is immediately en-
titled and which may be necessary for food for himself or
family; but he must content himself with interest on his judg-
ment pending the delay.   These considerations are not suf-
ficient to authorize this court to usurp legislative functions or
to change the plain mandate of the constitution that the juris-
diction of this court is appellate only.

The power of this court to issue all writs necessary and
proper to the complete exercise of its appellate and revisory
jurisdiction does not, in my opinion, authorize the order made
by the majority in this case.   That provision applies to a case

where some action is necessary to compel some officer to perform a legal duty such as preserving the status of the property or of the parties, or of preserving or completing the record, or some other such action. In order that this court may exercise its appellate jurisdiction. No such writ is sought here. It is not claimed that one is proper. I think the majority would probably deny such a motion in any other case than a divorce case, and yet the clause of the constitution under discussion may be applied to any other case upon the same reasoning invoked in this.

Some of the cases cited by the majority sustain the conclusion reached in this case, upon the ground that divorce cases are a class requiring such action; but where the superior court or court of original jurisdiction is authorized to make provision for the wife, and where this court has no original jurisdiction in such cases, it seems to me such cases on appeal should be treated as other appealed cases. In the divorce case out of which this application arises, the trial court entered a final judgment and, among other things, awarded the plaintiff $50 per month alimony. The trial court refused to fix the amount of a supersedeas bond on appeal, and this court, upon an application, issued a writ requiring the trial court to do so, and the judgment was superseded. *State ex rel. Holcomb v. Yakey*, 48 Wash. 419, 93 Pac. 928. This court now makes an original order requiring the payment of the same amount as alimony. This is a fair sample of results sure to follow, and real difficulties are in store if we assume original jurisdiction in this class of cases.

Rudkin and Fullerton, JJ., concur with Mount, J.