[No. 7338.  Decided May 29, 1908.]

ELLA A. SULLIVAN, *Respondent*, v. DANIEL SULLIVAN, *Appellant*.[1]

COURTS—JURISDICTION —APPELLATE COURTS — DIVORCE — ALIMONY PENDING APPEAL.  The supreme court has original jurisdiction to entertain an application for temporary alimony, attorney's fees and suit money pending an appeal from a judgment of divorce in favor of a wife, under the statutes requiring a trial *de novo* on appeal and declaring that the supreme court shall be possessed of the whole case as fully as the trial court was, and under Const. art. 4, § 4, giving the supreme court power to issue all writs necessary and proper to the complete exercise of appellate and revisory jurisdiction.

DIVORCE—SUIT MONEY PENDING APPEAL.  In fixing suit money and attorneys fees pending appeal in a divorce case, the supreme court will grant only a fair amount for necessary expenses, leaving the ultimate amount of the attorney's fees to the final adjudication of the case.

DIVORCE—ALIMONY—SUIT MONEY—ALLOWANCE PENDING APPEAL. A sufficient showing is made for the allowance of alimony and suit money to a wife, pending the husband's appeal from a judgment disposing of community property, where he has control of a substantial amount of property and the wife is without means of support for herself and minor children, or for legal services.

SAME—ALIMONY—AMOUNT.  A wife who has been granted a divorce will, pending appeal, be allowed $100 per month alimony, and $150 per month for the care of a sick child, where it appears that the husband has possession of property of the value of over a quarter of a million dollars, and the wife is necessarily in another state for the treatment of the child under the care of a physician.

MOUNT, RUDKIN, and FULLERTON, JJ., dissent.

Application filed in the supreme court April 18, 1908, for an order directing the allowance of suit money, attorney's fees, and alimony, pending an appeal from a judgment of the superior court for Skagit county, Joiner, J., entered March 18, 1908, granting to the plaintiff a divorce.  Granted.

*Million, Houser & Shrauger*, for appellant.
*Smith & Brawley*, for respondent.

[1]Reported in 95 Pac. 1095.

Root, J.—This is an application by the respondent, in a divorce case on appeal to this court, for the allowance of suit money, attorney's fees, and alimony *pendente lite* in this court. The power of this court to make such allowance to the wife upon appeal in such proceeding has been passed upon in the case of *Holcomb v. Holcomb, ante* p. 498, 95 Pac. 1091. From respondent's application it appears that appellant has under his control property of the value of at least $224,000, much of it being, or having been, community property, and of which $7,000 is in actual cash in the bank, subject to his check or order. It further appears that the respondent has the care and custody of their minor child, afflicted with tuberculosis of the lungs, by reason of which she is at present under the physician's care in the state of California, where it is necessary to have with her an older sister or this respondent, and for whose expenses it is necessary that a considerable amount of money shall be available regularly; that the respondent has no property in her possession or under her control, and no means of supporting herself or minor child; that the lower court awarded respondent a decree of divorce and a substantial portion of the property, which said decree has, however, been superseded by a stay bond interposed by appellant when this appeal was undertaken; that it is necessary for her to have money to meet the ordinary expenses incurred in preparing or having prepared her case for consideration in this court, and to hire the legal services necessary therefor. It states that it is necessary for her to be awarded for herself the sum of $200, for her children the sum of $150 per month, for suit money $100, and as attorney's fees $2,500.

Where the wife prevails in the trial court and there is belonging to the parties a substantial amount of community property which is in the possession and under the control of the husband, and the disposition thereof made by the trial court is superseded by the husband's stay bond on appeal, and the wife has no means of support for herself and minor children and for legal services and charges incidental to properly

preparing and presenting her case upon appeal, we think a sufficient showing is made for an allowance for these purposes by this court. As to the amount of attorney's fees to be allowed herein, we are not called upon at this time to say what the value of the services of respondent's attorneys in representing her interest in this court might be, or to say what proportion, if any, of their fees should be paid by the appellant or from the community property. It is for us to allow at this time merely what we think is necessary to enable her to secure suitable legal services for the preparation and presentation of her case, leaving the question as to the value of such services and the manner of their being paid in full to the final determination of the case.

It appears that certain allowances for alimony and suit money amounting to $500 were made in the trial court. It is the order of this court that the appellant be, and he is hereby, directed to pay to the respondent, for her use, the sum of $100 per month, and for the use and benefit of the minor child the sum of $150 per month, all payable to respondent on the first business day of every month, said allowance computed from the date of the filing of the supersedeas bond until the filing of the opinion of this court upon the determination of the case upon the merits. It is further ordered that appellant, within ten days from the filing of this opinion, pay to respondent or her attorneys the sum of $75 as suit money, and the further sum of $150 as attorney's fees. The orders herein made shall be in full force and effect from and after the filing of this opinion.

HADLEY, C. J., DUNBAR, and CROW, JJ., concur.

MOUNT, RUDKIN, and FULLERTON, JJ., dissent.