[No. 9864.  Department One.  October 13, 1911.]

FRANK GALLAGHER, *Appellant*, v. VIOLA GALLAGHER, *Respondent.*[1]

DIVORCE—ALIMONY AND SUIT MONEY—ON APPEAL—COURTS—JURISDICTION OF SUPREME COURT. Under Rem. & Bal. Code, § 996, providing that, upon appeal from orders relating to expenses, suit money, or property in divorce cases, the supreme court shall be possessed of the whole case as fully as the superior court was, the supreme court, on appeal by the husband from orders relating to alimony, has jurisdiction to grant suit money and attorney's fees on the pending appeal, and before any final decree on the merits in the court below.

SAME—AMOUNT ON APPEAL. Upon appeal by a husband of ample ability from orders for temporary alimony and suit money, the supreme court will require the payment of $150 attorney's fees and $100 suit money to enable the wife to defend the appeal, she being without means.

Application filed in the supreme court September 21, 1911, for an order directing the allowance of suit money, attorney's fees, and alimony, pending an appeal from orders of the superior court for King county, Main, J., entered June 29, 1911, in an action for divorce.  Granted.

*Gill, Hoyt & Frye*, for appellant.

*Reynolds, Ballinger & Hutson*, for respondent.

GOSE, J.—The plaintiff was married to the defendant in the month of February, and in the month of June filed a suit for a divorce.  On June 29 an order was entered requiring

[1]Reported in 118 Pac. 4.

him to pay her $150 as attorney's fees and $100 suit money
on or before July 1. The order further required him to pay
her $50 per month alimony, the first payment to be made on
or before July 10, and the subsequent payments to be made
on or before the 10th day of each succeeding month, and to
return to her certain articles of personal property, or in lieu
thereof to give a $3,000 bond, conditioned for a return of
the property or the payment to the defendant of $3,000 if
the property should be awarded to her upon the final hearing.
On July 7, the plaintiff gave notice of appeal, and on July 10,
gave an appeal and supersedeas bond. On August 11, an
order was entered committing the plaintiff to jail for con-
tempt on account of his failure and refusal to pay the ali-
mony awarded. On the same day, he gave notice of appeal in
open court, and on August 15 gave an appeal and super-
sedeas bond. The defendant has moved in this court for an
allowance for attorney's fees, suit money and alimony. The
application is resisted on the ground that the case is still
pending in the court below on the merits.

The applicable provisions of the statute are Rem. & Bal.
Code, §§ 988 and 996. The first of these sections provides
that, pending the action, the trial court or judge may make
and, by attachment, enforce such orders relative to the ex-
penses of the action as will insure the wife an efficient prep-
aration of her case and a fair and impartial trial. The last
section provides that, when either party to a divorce desires
to appeal "from any of the orders of the court" on the dis-
position of the property or the children, the court shall cer-
tify the evidence, and that this court "shall be possessed of
the whole case as fully as the superior court was, and may
reverse, modify, or affirm the judgment" as the merits of the
case may require. These statutes were construed in *Holcomb
v. Holcomb*, 49 Wash. 498, 95 Pac. 1091, and *Sullivan v. Sul-
livan*, 49 Wash. 508, 95 Pac. 1095. Each of these cases had
passed to final decree upon the merits before the application
was made here for suit money, attorney's fees, and alimony.

In the *Holcomb* case, commenting on the provision in § 996, "and the supreme court shall be possessed of the whole case· as fully as the superior court was," it is said that the language implies "that the appellate court should, upon the appeal, be vested with every power concerning the parties and the property which was possessed by the trial court during the pendency of the case in that court," and that the power over the property conferred upon the trial court by § 988 passes by appeal to this court, and should be exercised by it "as an incident to the appellate jurisdiction, essential to the administration of justice in such cases."

We cannot escape the conclusion that the *Holcomb* case is ample authority for granting the respondent's motion for suit money and attorney's fees on the matters now pending in this court. The respondent is entitled to be provided with means at the expense of the appellant for "an efficient preparation of her case" on appeal. Her affidavit states that she is without means, and states facts showing that the appellant is abundantly able to provide her with means to meet his appeal. We think $150 attorney's fees and $100 suit money is a reasonable allowance to the respondent to enable her to meet the matters now pending in this court. It is therefore ordered that the appellant be, and he is hereby, directed to pay to the clerk of this court, for the benefit of the respondent, the sum of $250 for the purposes stated, within ten days after the filing of this opinion. The application for alimony will be denied. An order here for its payment would in no wise aid appellate jurisdiction while the case is pending in the court below on its merits.

DUNBAR, C. J., PARKER, and CROW, JJ., concur.