[No. 10479.   Department One.   June 26, 1912.]

Sarah A. Gust, *Appellant*, v. Adolph A. Gust, *Respondent*.[1]

Divorce—Suit Money—Alimony Pending Appeal—Showing—Sufficiency. Where the action of a wife for a divorce was dismissed after a full hearing and appears to be without merit, and both parties are possessed of considerable property, and there is no community property, the supreme court will not grant suit money and temporary alimony pending the appeal; since the equities must be so strong or the interests in the property so mutual as to make it a matter of right rather than of privilege.

Motion by appellant filed in the supreme court May 27, 1912, for suit money and temporary alimony, pending appeal from a judgment of the superior court for King county, Myers, J., entered May 6, 1912, denying a divorce, after a trial on the merits.   Motion denied.

*Edward Judd* and *E. B. McGregor*, for appellant.

*George W. Saulsberry* (*H. E. Foster* and *L. Y. Devries*, of counsel), for respondent.

Chadwick, J.—This case was tried in the court below, and a decree rendered in favor of the defendant.   Plaintiff appealed, and pending formal hearing, has applied to this court, by motion, for an allowance of $125 per month alimony, $1,303.43 suit money, and the sum of $1,000 attorney's fees.   The motion is based upon the record and files in the main case, and is supported by the affidavits of the appellant and her counsel.   Respondent resists the motion, and has likewise filed affidavits.

Plaintiff alleges, that she has incurred an indebtedness on account of her appeal of $94.60; that she has notes maturing between June 9, 1912, and October 21, 1912, aggregating $678.40, all of which represents money obtained and

¹Reported in 124 Pac. 504.

expended in the preparation of her case. She also sets up the fact that she owns certain property upon which special assessments are due, and she further alleges that she has exhausted the credit of her property in raising the amounts referred to. Respondent is possessed of property of considerable value, but he too pleads that accumulated assessments, taxes, and interest, and the stagnated condition of the real estate market have all concurred to make it impossible for him to meet his own expenses. Appellant relies upon the following cases to sustain her motion: *Holcomb v. Holcomb*, 49 Wash. 498, 95 Pac. 1091; *Sullivan v. Sullivan*, 49 Wash. 508, 95 Pac. 1095; *Gallagher v. Gallagher*, 65 Wash. 310, 118 Pac. 4; *Gibson v. Gibson*, 67 Wash. 474, 122 Pac. 15.

The practice of entertaining petitions for suit money, alimony, and attorney's fees in this court is allowable, since the decision in the *Holcomb* case was pronounced, but it is not to be encouraged. Nor will this court grant the prayer of the petitioner unless the equities are so strong, or the interests in the property are so mutual, as to make the order one of right rather than of privilege. The whole record is not before us, but so far as we can ascertain from the motion and affidavits in support thereof, there are no equities shown that would warrant us in putting the burden of sustaining appellant's appeal, and her maintenance pending a hearing, upon the respondent. The parties were married November 10, 1910. Appellant began her action for divorce August 25, 1911. She charged respondent with adulterous intercourse with another woman. At the conclusion of her case, and without any contrary evidence, a decree was entered in favor of respondent. It is not contended that there is, or ever has been, any community property. The present application seems to proceed upon the theory that a wife can, because of her relationship merely, demand that her spouse meet the expenses of a suit for divorce. Law is the expression of reason, and when the reason ceases, the law fails. Formerly, when the property of the wife became vested in the

husband at the time of marriage, and latterly where the wife is in necessitous circumstances and her case seems meritorious, or where there is community property under the custody and control of the husband, such an order would be proper. But where the parties are dealing at arm's length, each of them possessed of property in greater or less degree, and the only real controversy is over the property of the husband, we find no warrant for an arbitrary order compelling him to pay the expense of a piece of litigation which the trial judge, after full hearing, has held to be without merit. It is true that appellant says her property is so involved that she cannot meet the expenses of her appeal and live pending its hearing; but, as we have intimated, respondent makes a like showing of a want of ready money. If the parties are telling the truth, poverty is appellant's misfortune, and as it may be in this case, respondent's advantage. A wife is entitled to be provided with means at the expense of the husband for "an efficient preparation of her case" on appeal. *Gallagher v. Gallagher, supra.* But she is not entitled as a matter of right to invade the property of her husband if she be otherwise provided for. *State ex rel. Lloyd v. Superior Court,* 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387; *Pringle v. Pringle,* 55 Wash. 93, 104 Pac. 135; *Van Gelder v. Van Gelder,* 61 Wash. 148, 112 Pac. 86; *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653; *Gibson v. Gibson, supra.* This holding is not in conflict with *Holcomb v. Holcomb,* and *Sullivan v. Sullivan, supra,* where payment was sought out of community property in which the petitioner had an admitted interest.

The motion is denied.

PARKER, CROW, and GOSE, JJ., concur.