[No. 10846. Department One. November 12, 1912.]

## LEVA GRIFFITH, *Appellant*, v. DANIEL GRIFFITH, *Respondent*.[1]

DIVORCE—APPEAL—POWER OF APPELLATE COURT—PROTECTION PENDING APPEAL. The supreme court will not, pending appeal in a divorce case, restrain the husband from violence, in violation of an order restraining him, since adequate remedy is provided by statute.

DIVORCE—APPEAL—JURISDICTION—TEMPORARY ALIMONY AND SUIT MONEY. Upon appeal by the wife from a judgment denying a divorce, the appellate court will, in aid of its appellate jurisdiction, award her temporary alimony and suit money for an efficient preparation of her case (Reversed on Rehearing).

SAME—ALLOWANCE FOR ALIMONY—SUIT MONEY. A wife in necessitous condition will be awarded temporary alimony of $20 per week for the support of herself and children, with possession of the family home, and $150 suit money and attorney's fees for prosecuting an appeal from a judgment denying a divorce, where there was evidence that the community owns property of the value of

[1]Reported in 127 Pac. 585; 128 Pac. 636.

$30,000 or $40,000, which the defendant admitted was of the value of $5,000, over and above all indebtedness (Reversed on Rehearing).

### On Rehearing.

DIVORCE—APPEAL—JURISDICTION—TEMPORARY ALIMONY. Under the constitution, limiting the original jurisdiction of the supreme court to special writs and to all other writs necessary and proper to the complete exercise of its appellate jurisdiction, the supreme court has no jurisdiction, pending an appeal in a divorce case, to award the wife temporary alimony, suit money and attorney's fees for the prosecution of her appeal (GOSE, J., dissenting).

Application filed in the supreme court October 31, 1912, for alimony, suit money and injunctive relief, pending an appeal in an action for divorce. Granted in part.

*Frank H. Kelley,* for appellant.

*Rickabaugh & McElroy* and *Williamson, Williamson & Freeman,* for respondent.

GOSE, J.—This is an application for an order restraining the respondent from harassing the appellant, and for alimony, suit money, and attorney's fees. The action is for divorce. The plaintiff was unsuccessful in the court below, and has appealed.

In the court below an order was entered *pendente lite,* giving the appellant possession of the family home at 424, South J street, in the city of Tacoma, giving her $20 per week for the support of herself and minor children, and restraining the respondent from harassing or interfering with them. Affidavits have been filed here on behalf of the appellant showing that the respondent has threatened her and the children with violence. This he denies.

The law affords her ample protection against threatened violence in courts of original jurisdiction. If her statements in this behalf are true, she should present her facts to the prosecuting attorney of her county or to some magistrate. It would seem farcical for this court to direct the issuance of an order restraining the respondent from committing a crim-

inal offense when a more adequate remedy is provided by stat-
ute. The application in this respect will be denied.

Touching the question of alimony, suit money, and attor-
ney's fees, the appellant's affidavits show that the community
owns property of the value of thirty to forty thousand dol-
lars, and that she is in a necessitous condition. The respond-
ent's affidavit shows, that the value of the community prop-
erty after deducting the indebtedness does not exceed $5,000;
that the real estate is heavily incumbered; that a large
amount of indebtedness will mature in about sixty days, and
that he has no money with which to meet it.

The law gives the right of appeal in divorce cases, and the
wife is entitled to be provided out of the community property
with means to secure "an efficient preparation of her case"
on appeal. If this is denied her by the trial court, this court
may, in aid of its appellate jurisdiction, meet the situation.
*Holcomb v. Holcomb,* 49 Wash. 498, 95 Pac. 1091; *Sullivan
v. Sullivan,* 49 Wash. 508, 95 Pac. 1095; *Gallagher v.
Gallagher,* 65 Wash. 310, 118 Pac. 4; *Gust v. Gust,* 69 Wash.
220, 124 Pac. 504. The fact that the wife prosecutes
the appeal does not militate against this right. *Gust v. Gust,
supra.* The property belongs to the community, and she is
as much entitled to use it in aid of her rights in the divorce
action as the husband. It is the duty of the courts, however,
to conserve the property for the benefit of the community
and its members respectively.

The order giving the appellant the right to occupy the
family home at 424 South J street, in the city of Tacoma,
and $20 per week alimony for the support of herself and
minor children *pendente lite,* will be continued. She will also
be allowed $75 suit money, and $75 attorney's fees for the
purpose of prosecuting the appeal. An order will be entered
directing the respondent to pay $150 to the clerk of this
court for the benefit of the appellant for these purposes,
within thirty days after the filing of this opinion, and giving
her the possession of the family home and $20 per week ali-

mony for the benefit of herself and minor children, *pendente lite*. In this and all other cases, in the absence of a controlling equity, such allowances will be charged to the wife in the division of the property in case a divorce is granted.

CROW, PARKER, CHADWICK, and MORRIS, JJ., concur.

## ON REHEARING.

### [*En Banc.* December 21, 1912.]

FULLERTON, J.—After the opinion of November 12, 1912, in this cause directing that the appellant be awarded alimony, suit money, and attorney's fees, had been filed, a petition for rehearing was presented by the respondent in which the jurisdiction of the court to make the order was suggested. On consultation upon the petition, it was found that differences of opinion existed among the several members of the court as to the court's jurisdiction, and the cause was set down for further argument at the present session. The question was reargued at the time appointed, and the court is now convinced that it was in error in making the order directed in its former opinion, and in error in making the orders in the cases of *Holcomb v. Holcomb*, 49 Wash. 498, 95 Pac. 1091; *Sullivan v. Sullivan*, 49 Wash. 508, 95 Pac. 1095; *Gallagher v. Gallagher*, 65 Wash. 310, 118 Pac. 4; and in entertaining the petition in *Gust v. Gust*, 69 Wash. 220, 124 Pac. 504. The reasons which lead us to this conclusion are clearly and fully stated in the dissenting opinion written by the present chief justice in the case of *Holcomb v. Holcomb, supra,* and we adopt the opinion as the opinion of the court in the present case. The order heretofore entered herein, directing alimony, suit money, and attorney's fees to be granted is therefore revoked, and the application for the same denied.

MOUNT, C. J., CHADWICK, MORRIS, PARKER, ELLIS, and MAIN, JJ., concur.

GOSE, J. (dissenting)—I adhere to the view expressed in the majority opinion in *Holcomb v. Holcomb, supra.*