[No. 9983. Department One. July 9, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Stephen A. Gibson, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

DIVORCE—APPEAL—EFFECT—STAY—GARNISHMENT AFTER APPEAL. Upon appeal from a judgment of divorce, disposing of the property rights of the parties, the superior court loses all jurisdiction and cannot issue a writ of garnishment to enforce the judgment for costs and attorney's fees against the husband, although he failed to file any supersedeas bond on his appeal; in view of Rem. & Bal. Code, § 996, providing that on appeal in a divorce case, the supreme court shall be possessed of the whole case as fully as the superior court was.

Certiorari to review an order of the superior court for Spokane county, Webster, J., entered September 22, 1911, for the issuance of a writ of garnishment. Reversed.

*R. L. Edmiston* and *A. M. Craven,* for relator.

*Belt & Powell,* for respondent.

PER CURIAM.—Certiorari to review the action of the superior court of Spokane county in issuing the writ of garnishment against Montana Scotch Bonnet Copper & Gold Mining Company, a corporation, upon the complaint of Marie M. T. Gibson. The material facts are undisputed. The original action ancillary to which the writ of garnish-

[1]Reported in 124 Pac. 686.

ment was issued was a suit for divorce, by Stephen A. Gibson, relator herein, as plaintiff, against Marie M. T. Gibson, as defendant, consolidated with another action between the same parties and the mining company as an additional defendant, for the recovery of certain certificates of mining stock issued by the mining company and held by the defendant Marie M. T. Gibson. The decree in the consolidated actions dissolved the marriage relation, and required the defendant Marie M. T. Gibson to indorse and deliver the stock certificates to the plaintiff. In denying the motion for a new trial on May 31, 1911, the court modified the decree and gave the defendant judgment for $198 costs, and an attorney's fee of $500.

The defendant Marie M. T. Gibson appealed from the decree in the consolidated actions, the notice reciting that the appeal was from the decree and every part thereof adverse to her. On June 2, 1911, she filed an appeal and supersedeas bond in the amount fixed by the court, properly executed and conditioned. On August 17, 1911, the plaintiff, Stephen A. Gibson, gave notice of a cross-appeal from the judgment for $698, costs and attorney's fee, and on the same day filed his appeal bond. On September 11, 1911, Marie M. T. Gibson instituted garnishment proceedings against the mining company as garnishee defendant, to subject stock in that company owned by Stephen A. Gibson to the judgment in her favor for $698 rendered in the consolidated action. The affidavit for garnishment was served upon the garnishee defendant on September 12, 1911. The garnishee defendant answered, admitting that, at the time of the service of the writ, the books of the company showed that Stephen A. Gibson was the owner of 294,000 shares of the capital stock of the company. On September 22, 1911, the court entered an order directing the sheriff to sell the mining stock, or so much as necessary, to satisfy the judgment with interest. On October 9, 1911, after due notice pursuant to the order of sale, the sheriff sold the stock, 200,000 shares to third

parties and the remainder to Marie M. T. Gibson, for sums just sufficient to satisfy the judgment, interest and sheriff's fees on sale. On October 14, 1911, and after the sale, the relator filed his supersedeas bond on his cross-appeal in the consolidated actions.

It is thus apparent that, before the garnishment proceedings were instituted, the principal action and every part thereof had been appealed to this court. The relator contends that this transferred the entire action to this court, and deprived the lower court of jurisdiction thereof for any purpose, and that the garnishment proceeding, being in its nature ancillary to the principal action, the trial court had no jurisdiction to entertain it. This contention must be sustained. The statute (Rem. & Bal. Code, § 988), confers upon the trial court or judge thereof in divorce proceedings power pending the action to make and enforce "such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper." The statute further provides (Rem. & Bal. Code, § 989), that, "in granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable," etc. The section governing appeals in divorce proceedings (Rem. & Bal. Code, § 996), reads:

"In all instances where the superior court shall grant a divorce, it shall be for cause distinctly stated in the complaint, and proved, and found by the court, and the court shall state the facts found upon which the decree is rendered; and when either party shall signify a desire to appeal from any of the orders of the court, in the disposition of the property or of the children, the court shall certify the evidence adduced on the trial, and the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case."

We can conceive of no plainer terms to express the intention that upon the appeal the supreme court acquires jurisdiction of the whole case and for every purpose. *Holcomb v.*

*Holcomb*, 49 Wash. 498, 95 Pac. 1091.   It follows that the trial court by the appeal loses jurisdiction for any purpose.

"Garnishment proceedings, being purely ancillary to the suit against the principal defendant, depend upon it for their existence and validity.   If, for any reason, the court fails to get jurisdiction of the principal suit, the garnishment must inevitably fall with it.   This principle is universal."   Rood, Garnishment, § 224.

The garnishment proceeding being ancillary to the principal action, of which the trial court had lost jurisdiction by the appeal, it follows that the trial court had no jurisdiction to entertain it.   The garnishment proceedings were, therefore, void from the beginning.

It is argued that, inasmuch as Stephen A. Gibson failed to file his supersedeas bond on his cross-appeal in the consolidated actions until after the sale in the garnishment proceeding, the lower court still had jurisdiction to enforce the judgment for costs and attorney's fees.   But it will be noted that § 996 above quoted does not make the transfer of the case appealed, or any part thereof, dependent upon the filing of a supersedeas bond.   It expressly declares that, upon the appeal, "the supreme court shall be possessed of the whole case as fully as the superior court was."

The cause is remanded, with directions to the lower court, upon citation to all persons interested, to vacate the judgment in the garnishment proceedings, set aside the sale of the stock, and take the necessary steps to reinvest the relator here with the title thereto, upon the books of the company.