[No. 11712. Department One. February 4, 1914.]

STEPHEN A. GIBSON, *Respondent*, v. R. E. CLEARY *et al.*, *Appellants*, MONTANA SCOTCH BONNETT COPPER & GOLD MINING COMPANY *et al.*, *Defendants.*[1]

APPEAL—DECISION—LAW OF CASE. A decision of the supreme court that a garnishment of corporate stock was void, and directing the lower court, upon citation to all persons interested, to vacate the judgment and set aside the sale, becomes the law of the case, and is conclusive in subsequent proceedings begun to make the mandate of the supreme court effective.

SAME—DECISION—LAW OF CASE—SUBSEQUENT DECISIONS. Where a decision of the supreme court has become the law of the case, it cannot be affected by a decision in another case, rendered some months later, overruling former decisions and changing the governing rule of law.

Appeal from a judgment of the superior court for Spokane county, Pendergast, J., entered January 3, 1913, upon

[1] Reported in 138 Pac. 269.

findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for equitable relief. Affirmed.

*Geo. W. Belt,* and *Codd, Hutchinson & Codd,* for appellants.

*R. L. Edmiston* and *A. M. Craven,* for respondent.

MAIN, J.—The purpose of this action was to secure the cancellation of certain certificates of the shares of capital stock of a corporation.

The material facts are substantially as follows: On May 31, 1911, in an action for divorce, then pending in the superior court for Spokane county, wherein Stephen A. Gibson was plaintiff and Marie Gibson was defendant, a judgment was entered by which the defendant was awarded an attorney's fee of $500, and costs of $198, as against the plaintiff. On August 7, 1911, the defendant appealed from that judgment, so far as it was adverse to her, and superseded the judgment by a bond given for that purpose. On August 17, 1911, the plaintiff filed a cross-appeal from the judgment. No supersedeas bond was given by him.

On September 11, 1911, the defendant instituted garnishment proceedings, based upon the judgment in her favor for $698. A writ was issued and served upon the Montana Scotch Bonnett Copper & Gold Mining Company, a corporation. The mining company answered that, upon its books, 294,000 shares of its capital stock stood in the name of Stephen A. Gibson.

On September 22, 1911, the court entered an order directing the sheriff to sell so much of the mining stock as might be necessary to satisfy the judgment. On October 9, 1911, the 294,000 shares of stock were sold by the sheriff.

The plaintiff, Stephen A. Gibson, had no notice or knowledge of the garnishment proceeding until subsequent to the sale of the stock. After learning of the sale, he proceeded by certiorari to review the action of the superior court in the

garnishment proceeding; and in *State ex rel. Gibson v. Superior Court,* 69 Wash. 280, 124 Pac. 686, this court held that "the garnishment proceedings were, therefore, void from the beginning," and directed that the case be remanded with direction to the superior court to vacate the judgment in the garnishment proceeding, set aside the sale of the stock, and take the necessary steps to reinvest the relator, Stephen A. Gibson, with the title thereto. This decision was rendered on July 9, 1912.

Thereafter, an independent action was begun for the purpose of making effective the mandate of this court. Issues were joined, and the case came on for trial on the 12th day of December, 1912. On January 3, 1913, a judgment was entered cancelling the transfer of the stock in the garnishment proceeding, and directing that the name of Stephen A. Gibson be reinstated upon the books of the mining company as the owner thereof. From this judgment, the present appeal is prosecuted.

It seems to us that the law of the case was determined in *State ex rel. Gibson v. Superior Court, supra.* The judgment entered in the present case was in exact accord with the directions given in the opinion in that case. It was there said.

"The cause is remanded, with directions to the lower court, upon citation to all persons interested, to vacate the judgment in the garnishment proceedings, set aside the sale of the stock, and take the necessary steps to reinvest the relator here with the title thereto, upon the books of the company."

It is argued, however, that since this court, upon the rehearing in the case of *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636, reversed its former ruling and held that, in a divorce case, this court could not hear, pending an appeal, an original application for attorney's fees, suit money and alimony, it follows that a supersedeas bond is necessary in order to stay execution or other proceedings upon a judgment in a divorce case pending appeal. Conceding, for

the purpose of this decision only, but not deciding, that such is the effect of that decision, it would not revitalize the garnishment proceeding here in question, which was formerly held void. The decision in *State ex rel. Gibson v. Superior Court, supra,* became the law of the case. It was rendered some months prior to the decision in *Griffith v. Griffith, supra.* The decision in the latter case could not have the effect of modifying rights which had been fixed by a previous decision in another case.

The judgment will be affirmed.

CROW, C. J., CHADWICK, ELLIS, and GOSE, JJ., concur.