[No. 704.   Decided February 27, 1893.]

ISAAC W. McDOUGALL, *Respondent*, v. MARY L. Mc- DOUGALL, *Appellant*.

DIVORCE — INCOMPATIBILITY.

Where the evidence in an action for divorce discloses no other ground than that the parties will not live together as husband and wife, a decree separating them should not be granted.

*Appeal from Superior Court, Snohomish County.*

*Fishback, Hardin & McLean,* for appellant.

The opinion of the court was delivered by

HOYT, J.—This was an action for divorce, and was heard upon the merits.    On such hearing, the court below granted to the plaintiff a decree of divorce, with other relief.    It is with great reluctance that this court disturbs a decree of a lower court on a review of the facts found by such court upon proofs taken before it.    In this case, however, there is such an absolute want of proof to sustain the findings of the court that we feel compelled to interfere.    The testimony of the plaintiff, if all taken as true, establishes only such a state of facts that, if a decree of divorce can properly be granted thereon, it will follow that nine couples out of ten, of the station in life of the parties to this action,

could, upon application to the court and a showing of the state of the relations between them, be properly granted a release from the bonds of matrimony. Not only is there such want of sufficient showing on the part of the plaintiff, but even the slight showing which he does make is substantially contradicted by the proofs offered on the part of the defendant, which, under all the circumstances of the case, we think entitled to as much, if not more, weight than that offered on the part of the plaintiff. It follows that, in our opinion, there was no case made which authorized the court to interfere as between the parties. The only theory upon which we can account for the action of the court below is that it came to the conclusion that, under all the circumstances of the case, the parties would not probably again live together as husband and wife, and from that fact assumed that it would be proper to decree a dissolution of the marriage bonds. There are some who would justify a divorce for this reason, but for the good name of our state, we are glad to be able to say, that principles of this kind have not yet taken the shape of legal enactment here. As our statute at present stands, it is not enough to authorize a decree of divorce that the court should find as a fact, that the parties will no longer live together as husband and wife. It is necessary that there should be found to exist some of the causes mentioned in the statute in favor of the one as against the other party, and that the party in favor of whom such cause of divorce is found has not been guilty of like misconduct against the other party.

The decree will be reversed, and the cause remanded with instructions to dismiss the action. The appellant will recover the costs of both courts.

SCOTT, ANDERS and STILES, JJ., concur.

DUNBAR, C. J., concurs in the result.