[No 2376.  Decided November 12, 1896.]

IGNATIUS COLVIN, *Appellant*, v. EMMA E. COLVIN, *Respondent*.

DIVORCE — INABILITY TO LIVE PEACEABLY TOGETHER — ALLOWANCE OF ATTORNEY FEES.

Code Proc., § 764, subd. 7, providing that "a divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together," lodges a discretionary power in the court which must be exercised in a sound and legal manner so as to conduce to domestic harmony and the peace and morality of society.

A court is warranted in refusing a divorce, although finding that the parties cannot live peaceably together, when such failure is due to their own obstinacy and stubbornness, and both parties are equally in fault. (DUNBAR and SCOTT, JJ., dissent.)

The allowance by the court of $300 as counsel fees to the wife, in refusing the husband's petition for divorce, is not an abuse of the discretion reposed in the court in such matters, even though it may appear that a division of property had been made between the parties and that the wife was amply able to bear the expenses attending the action.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge. Affirmed.

*John R. Mitchell,* for appellant.

*John C. Kleber,* and *A. E. Rice,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant (plaintiff below) brought this action to secure a divorce. His complaint in substance charges the respondent with continual, habitual unkindness, and that she is irreconcilably opposed to plaintiff's will, wishes, welfare, business and interests, and that it is not possible for the plaintiff to longer live with the defendant.

The answer, after denying the material allegations of the complaint, contains an affirmative defense, setting up specific acts of cruelty by the plaintiff. At the trial of the cause, after appellant rested, respondent moved for a dismissal upon the ground that the testimony on the part of the plaintiff failed to show a *prima facie* case for the relief prayed. This motion was granted, findings of fact made and judgment entered in favor of the respondent, dismissing the cause, awarding costs to the respondent, and $300 as counsel fee. The appeal is from such judgment.

The appellant is sixty-six and the respondent fifty-five years of age. They were married in Thurston

county in the year 1866, and from that time until about the 15th of December, 1895, continued to live together as husband and wife. As issue of such marriage there are four children ranging in age from seventeen to twenty-six years. During their marriage they have accumulated property to the value of some twenty-five or thirty thousand dollars, and in addition to the property so accumulated, the appellant is the owner in his own right of considerable property, which was acquired by him prior to his marriage with the respondent. Pursuant to an agreement between the parties, their property was divided through the instrumentality of arbitrators chosen by them in the fall of the year 1895, and since such division the parties have lived separate and apart. For a number of years appellant has been afflicted with a cancerous affection of the upper lip and mouth, from which he continuously suffers more or less pain, and doubtless much of his irritability of temper is due to this disease.

Among other things the lower court found

" 6. That for about four years last past there have been occasional quarrels and misunderstandings between plaintiff and defendant, and for about sixteen months last past there has resulted from such misunderstandings and disagreements a complete estrangement between plaintiff and defendant.

7. That such estrangement is so great that the parties cannot henceforth peaceably live together.

8. That such quarrels, misunderstandings and disagreements occurring aforesaid, were not occasioned wholly by the fault or misconduct of the defendant, but that the plaintiff was equally in fault in regard thereto."

The main contention of the appellant is that his case is strong enough to invoke the discretionary

power conferred by subdivision 7 of § 764, Code Proc. (2d Hill), which provides

" And a divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together."

There was no proof that the appellant had sustained any mental or physical injury, or suffered any personal indignities at the hands of the respondent, or that he lived in a state of danger or apprehension of violence, nor does the complaint charge any specific acts of cruelty on the part of the respondent, but it is insisted that the evidence does not justify the finding of the court that the " quarrels, misunderstandings and disagreements occurring aforesaid, were not occasioned wholly by the fault or misconduct of the defendant, but that the plaintiff was equally in fault in regard thereto." It appears from the evidence that appellant had posted notices upon the farm, whereon he has resided since their property was divided, forbidding the respondent to go upon his land. Also, that he had made it a condition in a lease that the lessee should not permit respondent to go upon the demised premises. It further appears that while there were numerous wordy disputes and disagreements between the parties, no personal violence was ever offered or threatened by either of them toward the other.

Examined as a witness in his own behalf appellant said:

" We couldn't agree about certain things for the last year or two  .  .  .  get to disputing over some trivial matter  .  .  .  just like two can't agree, you know, get to talking over things, get to quarreling about one thing and another; sometimes she would get up and leave; sometimes I did, so we finally quit entirely."

He frankly admitted that the measure of his blame was as great as that of the respondent, and, indeed, we think that this conclusion is justified by the entire evidence. The testimony of one of the daughters was that both parties were at fault.

Thomas Ismay was one of appellant's witnesses. It appears that he was one of the arbitrators selected by the parties to effect a division of their property. On cross-examination he was asked:

"*Question.* Now, you stated on direct examination that you thought the parties might still live together. I will ask you, in making the division and the time, you spent where they both were, what the general treatment that he received at her hands was? *Answer.* Well, so far as I saw any treatment it was all right; me being a stranger and not being a party interested I should not have thought there was any grievance in the family; I think I made two or three suggestions, that they were sparking again."

But it is urged that, inasmuch as the court found "that the parties can not henceforth peaceably live together," a case is made under the discretionary power lodged in the court by virtue of subdivision 7, § 764, 2d Hill, *supra.* Under a similar provision in the code of Indiana it has been held that this discretionary power must be exercised in a sound and legal manner so as to conduce to domestic harmony, and the peace and morality of society, and that the action of the lower court in such cases is subject to revision. *Ritter v. Ritter,* 5 Blackf. 81; *Ruby v. Ruby,* 29 Ind. 174.

We do not think it was intended by the legislature that a divorce should be granted in every case wherein it should be found "that the parties can no longer live together," and where, as here, their failure to live together is due to their own obstinacy and stubbornness, we think a divorce should be denied. It is not the

policy of the law that divorces should be granted merely because parties "from unruly temper" or mutual wranglings live unhappily together. In order to have relief, it is not required that the party complaining should be wholly without fault, for the law recog-. nizes the weakness of human nature, and measures the conduct of the parties by the standard of common experience. But where the parties to a divorce suit are *in pari delicto*, the conduct of each being a constant aggravation to further offense by the other, no divorce will be granted at the instance of either party. *Cate v. Cate*, 53 Ark. 486 (14 S. W. 675).

We think the rule, applicable to the present case, is well stated by Chief Justice COCKRILL, in the case of *Cate v. Cate, supra*, as follows :

"Unhappiness sufficient to render the condition of both parties intolerable may arise from the mutual neglect of the conjugal duties; but when the parties are thus at fault, the remedy must be sought by them, not in the courts, but in the reformation of their conduct. The remedy is *in their own hands*, and until it has been tried without effect by the party complaining, the courts will not give effect to the complaint. Until this home remedy has been tested and failed, the condition of each may be said to be due to his or her own acts, and one must bear the consequences of his own misconduct."

See, also, *Cooper v. Cooper*, 17 Mich. 210 (97 Am. Dec. 182); *Morrison v. Morrison*, 64 Mich. 53 (30 N. W. 903).

In the case last cited the court say :

"Where both are to blame neither should be granted a divorce. . . . The marriage relation should not be considered as a garment to be worn or cast aside at pleasure."

The proof shows the appellant to be a man of rough

but kindly nature, who received few advantages in early life. For upwards of a quarter of a century he and the respondent lived together peaceably and happily amidst the discouragements and privations of their pioneer home. Their plans worked well, and as a result of their joint industry and good judgment they find themselves in easy circumstances and comparatively rich. In the light of these circumstances and of the entire record, we are unwilling to believe that these parties, who have endured so much for each other and for their children, cannot, if they will, continue to live together happily. To do so involves the making of mutual concessions and sacrifices, but these they should cheerfully make for their own happiness and their children's welfare.

We do not think the allowance of $300 to the respondent for counsel fees was exorbitant under the circumstances of the case. At least, we are not satisfied that in allowing that sum the court abused its discretion.

Upon consideration of the entire record the judgment is affirmed.

Hoyt, C. J., and Anders, J., concur.

Dunbar, J. (*dissenting*).—I am satisfied that the parties cannot, and ought not to live together, and I think the plaintiff showed good cause for a divorce. I therefore respectfully dissent from the conclusion reached by the majority.

Scott, J., concurs in dissenting opinion.