[No. 4663. Decided July 30, 1903.]

MARY E. POLER, *Respondent, v.* EDWIN D. POLER, *Appellant.*

DIVORCE — GROUNDS — SODOMY.

Sodomy is sufficient ground for divorce at common law and under Bal. Code, § 5716, authorizing a divorce on "any other cause deemed by the court sufficient."

APPEAL — REVIEW — FINDINGS.

Findings in an action for divorce will not be disturbed on conflicting evidence, when the trial court saw and heard the witnesses.

SAME — EVIDENCE — REPUTATION OF DEFENDANT.

In an action for divorce it is not reversible error to exclude evidence of the good reputation of the defendant, when the same is not in issue and is conceded by plaintiff's witnesses.

Appeal from Superior Court, Spokane County. Hon. George W. Belt, Judge. Affirmed.

*Barnes & Latimer,* for appellant:

The charge made was not cruelty. *Stanley v. Stanley,* 24 Wash. 463; *Cline v. Cline,* 10 Ore. 474; *Waldron v. Waldron,* 9 L. R. A. 487; *Smith v. Smith,* 57 Pac. 573.

Confessions in divorce cases are entitled to but little weight and the evidence of the act charged was insufficient. 2 Bishop, Marriage & Divorce (6th ed.) 240, 241; *Betts v. Betts,* 1 Johns. Ch. 198; *Clutch v. Clutch,* 1 N. J. Eq. 474; *Summerbell v. Summerbell,* 37 N. J. Eq. 605; 9 Am. & Eng. Enc. Law (2d ed.), 845; *McCulloch v. McCulloch,* 8 Blackf. 60; *True v. True,* 6 Minn. 458.

The court erred in excluding evidence of defendant's good character. *Townsend v. Graves,* 3 Paige, 455-456; *Ruan v. Perry,* 3 Caines, 120; *Daniels v. Dayton,* 49 Mich. 137 (13 N. W. 392); *Werts v. Spearman,* 22 S. C. 200; *Falkner v. Behr,* 75 Ga. 671; *Downey v. Dillon,* 52 Ind. 452; *Stafford v. Stafford,* 41 Tex. 118; *Barber v. Root,* 10 Mass. 264; *Matchin v. Matchin,* 47 Am. Dec. 467; *Garrat v. Garrat,* 4 Yeates, 244.

*Connor & Hand,* for respondents.

The opinion of the court was delivered by

Mount, J.—A decree of divorce was granted by the court below in favor of the plaintiff. Defendant appeals, and seeks a reversal upon three grounds, stated in the brief as follows: "1. The charge made is not a ground for divorce. 2. The evidence was insufficient to prove the act charged. 3. The court erred in not allowing defendant to prove his good reputation as a law-abiding and moral man in the community where he resided."

1.   On the first ground stated, appellant argues that the cause for which the divorce was granted is not one provided for by statute.   The cause stated and found by the court was that of sodomy.   It is true no such cause for divorce is specifically stated in the statute, but it provides, after enumerating certain well-known and recognized causes, as follows:

"A divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together."    § 5716, Bal. Code.

An act of sodomy was directly and specifically charged in the complaint as one ground for divorce.   Sodomy has always been regarded, by both the ecclesiastical and common-law courts, as ground for divorce.   Bishop in his work on Marriage, Divorce and Separation, at §1830, (Vol. 1), says:

"The books are not clear whether, under the unwritten law it is to be regarded as aggravated adultery, or as cruelty, or as independent cause for divorce."

See, also, Schouler, Domestic Relations (4th ed.), § 220b; Schouler, Husband and Wife, § 525; 9 Am. & Eng. Enc. Law (2d ed.), pp. 747, 764.   Under the statute above quoted, we think this offense is certainly one for which the court may grant a divorce, though not specially mentioned therein.   The complaint and findings based thereon were, therefore, sufficient.

2.   We have carefully examined the evidence in the record.   It is somewhat conflicting, but we are not disposed to disturb the findings of the trial judge, who saw and heard the witnesses.

3.   There is no merit in the last ground urged for reversal.   The general reputation of the appellant as a law-

abiding, moral man was not an issue in the case. But, if it were, the plaintiff's witnesses on cross-examination stated that his reputation was always good, and nothing. had been heard against it up to the time of this case. So that this fact, not being questioned by the respondent, is presumed in his favor. Furthermore, this is only a circumstance in the case, and not conclusive as a defense. For this reason, even if the lower court had found in favor of the defendant upon this question, this court would not reverse the case upon that ground alone.

The judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.