[No. 5151.   Decided April 28, 1905.]

HENRIETTA WHEELER, *Respondent,* v. G. H. WHEELER, *Appellant.*[1]

DIVORCE—GROUNDS—INABILITY TO LIVE TOGETHER—STATUTES—
CONSTRUCTION.   Under Bal. Code, § 5716, subd. 7, a divorce cannot
be granted on the ground that the parties "cannot live together,"
but the court must be satisfied of that fact, and there must, in
addition, be "any other cause deemed by the court sufficient,"
which cause must be stated in the complaint.

Appeal from a judgment of the superior court for Oka-
nogan county, Martin, J., entered September 17, 1903,
upon findings in favor of the plaintiff, after a trial on the
merits before the court without a jury, in an action for a
divorce.   Reversed.

*E. K. Pendergast,* for appellant.

*Martin & Grant,* for respondent.

MOUNT, C. J.—Respondent brought this action in the
lower court to obtain a decree of divorce from appellant,
upon the ground of cruelty.   The answer of appellant de-
nied the allegations of cruelty, and alleged that he had
always been a true and loving husband.   The cause
was brought on for trial on this issue.   After the trial
court had heard all the evidence, it made findings of fact
to the effect, that plaintiff and defendant were married
February 24, 1895; that plaintiff has been a resident of
Okanogan county for more than one year; that the issue
of said marriage was two little girls, aged five and seven
respectively; that there was but little community property
belonging to the parties; and "(5) That plaintiff and de-

1Reported in 80 Pac. 762.

fendant cannot live together any longer as husband and wife. (6) That plaintiff is a fit and proper person to have the care and custody of the minor children above named." There was no finding that defendant had been cruel to his wife, and no other finding except those stated above. Upon these findings the court granted the respondent a decree of divorce, and awarded her the custody of the children. Appellant excepted to the findings and the decree, and prosecutes this appeal.

The trial judge evidently labored under an impression that he was authorized to grant a divorce upon the finding that the parties can no longer live together. But there is no such provision in the statute. Bal. Code, § 5716, provides that the court may grant divorces for certain causes therein named, and, in subdivision 7 of that section, are these words: "and a divorce may be granted upon application of either party for any other cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together." But this section does not say, and was not intended to mean, that the mere fact that the parties can no longer live together is sufficient upon which to base a decree of divorce. According to the plain wording and meaning of the section, there must be some cause other than those stated in the section deemed by the court sufficient; and, in addition thereto, the court shall be satisfied that the parties can no longer live together. The cause, of course, must be stated in the complaint. *Lee v. Lee,* 3 Wash. 236, 28 Pac. 355; *Colvin v. Colvin,* 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley,* 24 Wash. 460, 64 Pac. 732; *Poler v. Poler,* 32 Wash. 400, 73 Pac. 372.

No attempt was made to prove any other cause than cruelty. Respondent argues that there is sufficient evi-

dence in the case to show cruelty on the part of the appellant. We have gone very carefully through all the evidence and, without quoting it here, it is enough to say that there is no evidence sufficient to support a finding of cruelty, even though one had been made to that effect by the trial court. It is a clear case of the wife leaving the husband without cause, and immediately bringing an action for divorce.

The judgment of the lower court is reversed, and the cause dismissed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.