[No. 8404. Department One. January 18, 1910.]

GRACE W. BLOOM, *Respondent*, v. LYNN BLOOM, *Appellant*.[1]

DIVORCE — GROUNDS — INCOMPATIBILITY — PERSONAL INDIGNITIES — FINDINGS—SUFFICIENCY. A decree for a divorce, where the evidence is not brought up on appeal, is supported under a liberal construction of findings to the effect that the condition of the home life of the parties has been such as to cause an utter estrangement and loss of love and affection, without fault on the plaintiff's part, and that longer living together is a source of great mental worry and anguish to the plaintiff, and the parties can no longer live together; the same being in effect a finding of personal indignities rendering life burdensome.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered June 7, 1909, upon findings in favor of the plaintiff, in an action for divorce. Affirmed.

[1]Reported in 106 Pac. 197.

*Gordon Mackay*, for appellant.

*G. C. Israel*, for respondent.

CHADWICK, J.—The only question raised in this case is the sufficiency of the findings to support the decree. Two grounds for divorce were set up in the complaint; failure to support, and that the appellant has so conducted himself as to cause respondent great anguish of mind, humiliation, and shame, and that his conduct made it impossible for her to longer live with him as his wife, or to entertain any affection for him. Certain facts were pleaded which need not be re-- peated here. The case went to trial upon the complaint and answer, which was a general denial.

The point is made that the court did not find more than that the parties could not longer live together, and for that reason the case falls within the rule of *McDougall v. McDougall*, 5 Wash. 802, 32 Pac. 749; *Stanley v. Stanley*, 24 Wash. 460, 64 Pac. 732, and *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762. It was held in each of these cases that a divorce would not be granted because it was improbable that the parties would again live together as husband and wife; yet, after all, a casual reading of the opinions will show that the cases were actually considered by this court and found to be without merit. In the first case it was said: "In this case, however, there is such an absolute want of proof to sustain the findings of the court that we feel compelled to interfere." In the second case, a demurrer had been interposed, and after holding this should have been sustained, the court said: "But, upon an examination of the evidence given at the trial, we are convinced plaintiff offered no substantial testimony to entitle him to a divorce." In the *Wheeler* case, the court found in so many words that "plaintiff and defendant cannot live together any longer as husband and wife." There was no finding of cruelty or anything that might suggest other statutory grounds. This court, notwithstanding, reviewed the evidence, saying: "We have gone very carefully through all the evidence and, without quoting it here, it is

enough to say that there is no evidence sufficient to support a finding of cruelty even though one had been made to that effect by the trial court." These cases show that, while a divorce will not be granted merely because the parties cannot live together, this court will not be bound by the findings or lack of findings, but will consider the case on its merits. The court made the following finding in this case:

"The court finds that for the past two years the condition of the home life of the plaintiff and defendant has been such as to cause an utter estrangement between the plaintiff and defendant and to cause the plaintiff to be bereft of all love and affection for the defendant and to cause her longer living and cohabiting with the defendant to be the source of great mental worry and anguish to her, and to make it impossible for the plaintiff and defendant in the judgment of the court to longer live together, and that the said estrangement has been without cause or fault on the part of the plaintiff and that the conditions existing in said household is such that the plaintiff and defendant should not be compelled to longer live together."

Appellant has not seen fit to bring the evidence to this court. Whilst we will not indulge the presumption that the evidence warranted further findings, we will give the finding a liberal construction, in determining whether it justifies the decree. When so construed the finding is sufficient. The court has said that the conduct of defendant was such as to cause plaintiff great anguish of mind, which is in effect a finding that she has suffered personal indignities rendering her life burdensome. While the practice of drawing full and explicit findings upon every issue is to be encouraged, there are cases where no interest would be thus served. The omission may be excused where the findings, although drawn with all the modesty chaste expression permits, would yet make a record that might stand to shame the victim of a hapless marriage.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.