[No. 10064.    Department One.    March 16, 1912.]

STEPHEN A. GIBSON, *Cross-Appellant*, v. MARIE M. T. GIBSON, *Appellant*, MONTANA SCOTCH BONNET COPPER & GOLD MINING COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS—CONSTRUCTION. Where the evidence is brought up on appeal, the findings will not be given a technical construction, but the case will be considered on its merits.

DIVORCE—GROUNDS—CRUELTY—EVIDENCE—SUFFICIENCY. A divorce on the ground of cruelty on the part of the wife is justified where it appears that she refused to cohabit with the plaintiff, was guilty of fraud and deceit in securing a marriage without intent to cohabit, and brought an unfounded charge of adultery against him.

DIVORCE—DIVISION OF PROPERTY—SUIT MONEY—ALLOWANCES—SUFFICIENCY. Upon granting a divorce on the ground of cruelty on the part of the wife, who secured the marriage by deceit, allowances to the wife of $600 alimony, $125 suit money, and $750 attorney's fees and costs, is an ample provision, where there was no community property and the husband, a retired farmer in comfortable circumstances, had already given her $1,000.

DIVORCE—ALLOWANCE—ATTORNEY'S FEES. On motion for a new trial in a divorce case, the court has jurisdiction to reopen the case and modify the decree by requiring payment of costs and a further allowance for attorney's fees.

[1]Reported in 122 Pac. 15.

SAME—ATTORNEY'S FEES. The allowance of attorney's fees to the wife in a divorce case is within the sound discretion of the trial court; and no abuse is shown by the allowance of $500 additional, upon denying a motion for a new trial, the preliminary allowance having been $250.

Cross-appeals from a judgment of the superior court for Spokane county, Carey, J., entered March 15, 1911, upon findings favorable to the plaintiff, but awarding costs to defendant, in consolidated actions for a divorce and to recover mining stock. Affirmed.

*Belt & Powell* and *Scott & Campbell*, for appellant.

*R. L. Edmiston* and *A. L. Craven*, for cross-appellant.

GOSE, J.—This is a suit for divorce, consolidated with an action for the recovery of certain certificates of mining stock issued by the defendant corporation. There was a decree for the plaintiff in both actions. The defendant Marie T. Gibson has appealed, and the plaintiff, hereafter called cross-appellant, has taken a cross-appeal from that part of the decree awarding costs and attorney's fees to the defendant Mrs. Gibson. The appeal of Mrs. Gibson, hereafter called the appellant, will be first considered.

The court found that the appellant has subjected the cross-appellant to cruel and inhuman treatment, rendering his life burdensome, and that it is impossible for them to longer live together as husband and wife. It further found that the charge of adultery made by the appellant against the cross-appellant in her cross-complaint is untrue. The appellant's first contention is that the finding of cruelty is not sufficiently broad to support the decree of divorce. It suffices to say that the ultimate fact of cruelty is found. While we adhere to the rule announced in *Bloom v. Bloom*, 57 Wash. 23, 106 Pac. 197, 135 Am. St. 965, that it is better practice to have "full and explicit" findings, we will not give the findings a technical construction where the evidence is before us, but will consider the case on its merits.

The appellant next contends that the evidence does not support the decree. We need say but little on this question. The marriage occurred December 29, 1909, at the home of the cross-appellant, in the city of Spokane. He left his home about July 1, 1910, and filed his bill for divorce about September 1 following. Between these dates, there was no reconciliation. The appellant prior to the marriage was living in Tacoma. About three weeks after the marriage, she returned to Tacoma, where she remained from three to five weeks; then returned to Spokane, where she remained until April 12, when she again went to Tacoma, and did not return to Spokane until June 14. It is conceded that there was no cohabitation. The appellant justifies her action on the ground of ill health, and claims that there was an ante-nuptial agreement that there should be no cohabitation for six months after the marriage. This is denied by the cross-appellant. In the marriage certificate, the appellant represents her age to be thirty years, and the cross-appellant represents his age to be sixty years. The finding of cruelty is fully warranted by the evidence. It would be a mockery to speak of the relation as a marriage. It was a marriage in name only. The substance was entirely wanting. It is apparent from all the testimony that the appellant had no love or affection for the cross-appellant. The marriage on her part was a sham and a pretense, and her entire course of conduct towards the husband was one of fraud and deceit. The court found that her charge of adultery against her husband had no foundation in fact. This was equivalent to a finding of cruelty against him. The other evidence of cruelty need not be pointed out. It suffices to say that there is an abundance of such evidence.

It is argued that the appellant should have been awarded a portion of the property. On the property question, the court found that there is no community property, which is conceded, and that the appellant obtained the certificates of mining stock through false representations. The decree dis-

solved the marriage relation at the suit of the cross-appellant, directed that the appellant take nothing under her cross-complaint, required her to indorse and deliver the stock certificates to the cross-appellant, and decreed that she has no interest in any of the property. Pending the action, pursuant to an order of the court, the cross-appellant paid the appellant $600 alimony, $125 suit money, and $250 attorney's fees. In denying the motion for a new trial, the court gave the appellant judgment for her costs and for additional counsel fees of $500. In addition to these items, the cross-appellant gave her money for her personal expenses, including debts which she incurred, amounting to about $1,000. The husband is a retired farmer in comfortable circumstances and about sixty-three years of age. To require him to pay her more than he has already paid would be a rank injustice. She has already garnered enough from his estate.

We will now consider the cross-appeal. The findings of fact, decree, and motion for a new trial were each filed with the clerk on March 15. The decree provides that neither party recover costs, and that the appellant recover no attorney's fees. The motion for a new trial was overruled, but the order overruling the motion modified the original decree to the extent that it required the cross-appellant to pay the appellant's costs and an additional attorney's fee of $500. The court had jurisdiction, in passing on the motion for a new trial, to reopen the case for further testimony, or to modify the decree. He chose the latter course. Rem. & Bal. Code, §§ 368, 398, 402. Section 398 is as follows: "A new trial is a reexamination of an issue [of fact] in the same court after a trial and decision by a jury, court, or referees." The allowance of costs and reasonable attorney's fees in favor of the wife in divorce cases, without regard to whether she is the prevailing party, is a matter within the sound discretion of the trial court; and its rulings in that respect, unless an abuse of discretion is clearly shown, will not be

interfered with on appeal. *Van Gelder v. Van Gelder*, 61 Wash. 146, 112 Pac. 86. This is an assumed risk which the husband takes with him from the marriage altar, and which follows him until death or divorce squares the debt. Rem. & Bal. Code, § 988. The record shows no. abuse of discretion on this question.

The cross-appellant has cited authorities which hold that, after a motion for a new trial has been overruled, a further application for a new trial or modification of the judgment cannot be heard. This is undoubtedly the correct rule. He cites upon this question *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, and other cases. *Kincaid v. Walla Walla Valley Traction Co.*, 57 Wash. 334, 106 Pac. 918, 135 Am. St. 982, announces the same rule. These cases, however, have no application. The judgment is affirmed as to both parties. Neither party will recover costs on appeal.

PARKER, CROW, and CHADWICK, JJ., concur.