[No. 11390.  Department Two.  January 2, 1914.]

THOMAS R. ELLIS, *Respondent*, v. CLARA B. ELLIS,
*Appellant*.[1]

DIVORCE—GROUNDS—CRUELTY—EVIDENCE—SUFFICIENCY.  A decree
of divorce, asked by both parties to the action on the ground of
cruel treatment, is not warranted and cannot be sustained on appeal
merely because the trial judge was of the opinion that the "ends and
objects of society" would best be subserved by granting the decree,
where neither party produced sufficient evidence to sustain the
charge of cruelty; it not being enough to show want of regard for
each other, disposition to quarrel over trifles, or that they can no
longer live together in peace and harmony.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered February 28, 1913, upon find-
ings in favor of the plaintiff, in an action for a divorce.  Re-
versed.

*Buck, Benson & Knutson*, for appellant.

*Edwin H. Flick* (*C. E. Hughes*, of counsel), for respond-
ent.

MORRIS, J.—Appeal from a divorce decree.  The only
error assigned is insufficiency of the evidence to support the
judgment.  We shall make no attempt to set forth the evi-
dence.  It can be summed up in a remark made by the trial
court just before its conclusion: "There is nothing in this
case but a property row."  The lower court, however, con-
cluded that it was best for the parties to separate, and that
there was no possibility of their again living together.  But,
while so believing, the evidence did not impress the court
with an opinion that the fault was with either party suffi-
ciently to entitle the other to a decree, for each party is
denied relief, and the decree is granted upon the conviction
of the court, "that the ends and objects of society and the

[1]Reported in 137 Pac. 453.

state can best be subserved by dissolving the bonds of matrimony existing between said litigants."

The state is undoubtedly interested in any attempt to dissolve the marriage relation; but we believe that interest is because of a desire to preserve, and not destroy; and we cannot agree with the trial court that the interests of the state or the "ends and objects of society" demand a dissolution of the marriage relation of a husband and wife who have lived together harmoniously for twenty years when they had practically nothing, but when prosperity came and the wife had received a small inheritance, petty quarrels and bickerings over financial and property matters occasionally arose. Each party sought a decree against the other on the ground of cruelty. Neither party produced sufficient evidence to sustain such a charge, and the only result that should follow is a dismissal.

Whatever may be the opinion of the individual judge as to the desirability of parties continuing in the marriage relation when they have lost that mutual respect and affection which is the basis of the relation, that relation can only be legally severed when one of the parties to it is guilty of such conduct toward the other as in law constitutes a ground for divorce. It is not enough that neither party has any regard for the other. *Luce v. Luce,* 15 Wash. 608, 47 Pac. 21. Nor can irascibility of temper, nor a disposition to quarrel over trifles, be regarded as cruelty, within the meaning of that expression in divorce statutes. *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812. Nor is it sufficient that the parties will no longer live together in peace and harmony. *McDougall v. McDougall,* 5 Wash. 802, 32 Pac. 749; *Colvin v. Colvin,* 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley,* 24 Wash. 460, 64 Pac. 732; *Wheeler v. Wheeler,* 38 Wash. 491, 80 Pac. 762; *Bickford v. Bickford,* 57 Wash. 639, 107 Pac. 837; *Pierce v. Pierce,* 68 Wash. 415, 123 Pac. 598.

Unhappiness between husband and wife is to be deplored, but when such a condition arises between them because of

mutual neglect, the remedy is not the courts, but reformation of individual conduct. The case being triable here *de novo*, this record has been read in the light of the complaints, and we cannot find evidence supporting the claims of either party to justify us in holding that a divorce should be granted against the other. Neither can we say that one party or the other is the cause of the situation in which we find them. The husband holds the wife blamable and the wife accuses the husband. Neither produces any corroboration worth mentioning. We are, therefore, driven to hold, as the lower court, that neither has sustained a cause of divorce against the other. We differ with the lower court only in its announcement that, under such circumstances, the best interests of society and the state demand the annulment of this marriage.

The judgment is therefore reversed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.