[No. 12055.  Department One.  December 12, 1914.]

## W. K. Turner, *Respondent*, v. Lelia D. Turner, *Appellant*.[1]

Divorce — Grounds — Incompatibility — Causes Arising Subsequent to Marriage. Incompatibility, alone, not being ground for a divorce unless traceable to some cause fixed by statute as sufficient, a divorce cannot be granted upon the ground of incompatibility existing prior to a marriage entered into merely for the purpose of legitimizing a child; since a divorce can be granted only for causes arising subsequent to the marriage.

Appeal from a judgment of the superior court for King county, Humphries, J., entered December 2, 1913, upon findings in favor of the plaintiff, in an action for divorce. Reversed.

*Blair & Blinn*, for appellant.
*R. W. McClelland*, for respondent.

Morris, J.—Appeal from a decree granting a divorce. The appeal is presented upon a contention that the findings of fact do not support the decree, and as there is no statement of facts, we must accept the findings as made. The findings recite that, for some time prior to the marriage of the parties in June, 1910, they had indulged in voluntary sexual commerce without other inducement than mutual gratification;

[1]Reported in 144 Pac. 689.

that appellant represented to respondent that she was pregnant as a result of these relations, and respondent thereupon agreed to a marriage, "for the sole and only purpose of legitimizing and protecting any possible offspring." It is then found that there is no love or affection between the parties, and that, the marriage being so agreed upon, it was further agreed that they would not live together as husband and wife, and that they have not done so. After the marriage appellant miscarried. It is further recited that appellant is willing to live with respondent as his wife, but that respondent refuses. The court then concludes that the parties are wholly incompatible, and that it would be conducive of no good to the parties themselves nor to society at large to compel them to longer recognize the marriage. It grants respondent a divorce, making provision for the payment of alimony to appellant.

The parties are respectively thirty-eight and thirty-five years of age, and each had been previously married. We agree with the lower court that this marriage holds out little hope of happiness for either party, and if such fact were sufficient upon which to base a decree of divorce, then this decree should stand. The statute fixes the grounds for divorce, and when one is granted it must be upon some ground found in the statute. That the parties are incompatible is not enough, unless such incompatibility be traceable to some cause fixed by the statute as sufficient to dissolve the marriage relation. *McDougall v. McDougall*, 5 Wash. 802, 32 Pac. 749; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Ellis v. Ellis*, 79 Wash. 247, 137 Pac. 453. A divorce must be granted, if at all, upon causes arising subsequent to the marriage. There is no such cause shown here. What the policy of the law should be in cases where there is no happiness in marriage is not for us to say. We can only say what the law is, and when the law furnishes no relief we can grant none.

The findings not reciting any cause arising subsequent to the marriage which the statute recognizes as ground for divorce, we must hold that the findings do not sustain the decree, and it is reversed.

CROW, C. J., PARKER, and GOSE, JJ., concur.