DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 12032. Department Two. February 1, 1915.]

KATIE SCHIRMER, *Appellant*, v. W. E. SCHIRMER, *Respondent*.[1]

DIVORCE—DECREE—FORM—APPEAL—HARMLESS ERROR. Where plaintiff is granted a divorce on the ground of defendant's cruelty, plaintiff, on appeal, cannot assign error in also granting the defendant a divorce on the ground of plaintiff's cruelty; inasmuch as both are necessarily divorced by the decree for plaintiff (FULLERTON and CROW, JJ., dissenting).

SAME—DECREE—DIVISION OF PROPERTY—DISCRETION. Upon granting a divorce to both parties on the ground of cruelty by each and inability to live together, the court has a wide discretion in the division of community property, which will not be set aside because the property awarded to the defendant was somewhat larger than that awarded to the plaintiff, where defendant was in debt and was required to pay plaintiff $30 per month for the support of herself and children, and attorney's fees.

SAME—ALIMONY—SUPPORT OF CHILDREN—SUFFICIENCY. An award of $30 a month to support three children, aged 16, 12, and 6 years, will not be set aside as inadequate, where the oldest, a boy, was industrious and had saved $285 from his own earnings, and there was nothing in the record to show that, at present, $30 was not sufficient for the other two.

Appeal by plaintiff from a judgment of the superior court for Spokane county, Huneke, J., entered November 24, 1913, upon findings in a divorce action, granting a divorce to both parties and distributing the property. Affirmed.

*W. B. Mitchell*, for appellant.

*McCarthy, Edge & Cleland*, for respondent.

[1]Reported in 145 Pac. 981.

MOUNT, J.—This action was brought by the plaintiff to obtain a divorce from her husband on the grounds of cruelty and infidelity. The plaintiff prayed for a division of the property and the custody of the three minor children. The defendant, in answer to the complaint, denied the allegations of cruelty and infidelity alleged in the complaint, and filed a cross-complaint seeking a divorce from his wife upon alleged grounds of cruelty. Upon these issues, the case was tried to the court and resulted in findings to the effect that each of the parties had been guilty of cruel and inhuman treatment toward the other such as to render it impossible for the parties to live longer together as husband and wife; and concluded that each was entitled to an absolute decree of divorce from the other. The custody of the children was awarded to the plaintiff until the further order of the court. The plaintiff was awarded all of the real estate belonging to the parties, with the exception of one piece which stood in the name of the defendant's brother. The defendant was awarded the remainder of the property, consisting of mortgages, cash on hand, and stocks. The defendant was required to pay to the plaintiff $30 per month until the further order of the court for the support and care of the children. The defendant was also ordered to pay $250 for attorney's fees. He was further ordered to pay to the plaintiff certain taxes, assessments, and water rent due upon the premises decreed to the plaintiff.

The plaintiff has appealed from the decree so rendered, contending, first, that the evidence was insufficient upon which to base a finding that the defendant was entitled to a decree of divorce.

It is apparently conceded that a divorce was properly granted to the appellant, because no question is made against the finding that the respondent had been guilty of cruelty toward his wife. If a decree of divorce is granted in favor of one of the spouses, both are thereby necessarily divorced. If we should conclude, therefore, that the court erroneously

declared the respondent guilty of cruelty, the result would not for that reason necessarily be changed. The only result which would follow is that no blame would attach to the appellant. In short, the appellant's contention upon this question is based upon sentiment rather than substance. In view of this conclusion, the result will not be changed even if we should conclude that the appellant was blameless. We shall not discuss the case further than to say that we have read the evidence with some care and find that the parties had not lived together as man and wife for a period of six years prior to the date the action was brought; that, during this time, they had mistreated each other and accused each other violently of infidelity; that the respondent was the aggressor upon most occasions, and, if more blame is to be attached to one than to the other, it should be placed upon the respondent. It is apparent that the parties cannot live together as husband and wife, and that a divorce has been properly granted.

It is next argued by the appellant that there was an unequal and unjust division of the property. The evidence upon the value of the property is not definite or certain. The appellant claims that the value of the property awarded to the defendant was largely in excess of that awarded to her. It may be true that the property awarded to the defendant was somewhat greater than that awarded to the plaintiff. The property awarded to the defendant, with the exception of one piece of land standing in the name of his brother, was all personal property, some of which consisted of stocks in corporations, the value of which was and is speculative and uncertain. There were two mortgages of about the value of $8,000. There was some money in the bank, the amount of which is not clearly shown by the evidence. The defendant was in debt in about the sum of $1,500. He was required to pay to the plaintiff $30 per month for the care and support of the children. He was also required to pay the attorney's fees in the case, and the costs; and was required to make

other small payments. A wide discretion is given to the trial court by § 989 of Rem. & Bal. Code (P. C. 159 § 15) in the distribution of the community funds. We are not convinced from the evidence, nor by the argument of counsel, that the court abused its discretion in the division of the property.

The appellant also argues that the trial court erred in allowing but $30 per month for the maintenance of the children. There are three minor children. The oldest at the time of the trial was a boy sixteen years of age; the next was a boy of about the age of twelve, and the youngest was a girl of about the age of six. It was shown upon the trial that the older boy was industrious, and had saved out of his own earnings at the time of the trial $285. The other two children, so far as the evidence shows, were entirely dependent upon their parents. It may be that in a short time $30 per month will not be sufficient to properly care for these children. But at this time there is nothing in the record to indicate that $30 per month awarded to the plaintiff will not be sufficient. We find nothing in the case which justifies a reversal, or even a modification of the decree at this time.

In view of the fact that the appellant appears to have no ready money, and there is not a ready sale for the real estate, or any part thereof, at this time, and in view of the further fact that the defendant was awarded all of the personal property and available money on hand, we think it is just that he should be required to pay the costs of this appeal, exclusive of attorney's or counsel fees.

We find no error in the record, and the decree is therefore affirmed.

MAIN, J., concurs.

ELLIS, J., concurs in the result.

FULLERTON, J. (dissenting)—I am compelled to dissent from the conclusion reached by my associates. The trial court found, as matter of fact, that each of the spouses had been guilty of such a degree of marital infidelity towards the other

as to constitute a cause for a divorce on the statutory ground
of cruel treatment, and that the parties could no longer live
together as husband and wife. It concluded, as matter of
law, that each of the parties was entitled to a divorce, and
entered a decree awarding a divorce to each of them. The
majority of this court conclude that the facts justified the
findings, and direct an affirmance of the decree. With the
conclusion as to the facts, I have no quarrel. I think it
proven that each of the parties has been guilty of such a
degree of cruel treatment towards the other as would warrant
a decree of divorce in that other's favor had he or she been
without fault. My quarrel is with the conclusion of law drawn
from the facts, as it seems to me the conclusion is not sus-
tained by the principles of law governing in such cases.

The form of the decree is somewhat unusual, but this I shall
not discuss, as I conclude that it is, in effect, nothing more
than is required by the code in such cases, namely, "a full
and complete dissolution of the marriage as to both parties."

But it is a principle of law, as old as the law of divorce
itself, that the party seeking relief from the marriage re-
lation must come into court with a clear conscience and with
clean hands, and be innocent of any substantial wrongdoing
towards the other party of a like nature of which he or she
complains; that divorce is a remedy for the innocent as against
the guilty, and if the party seeking the divorce has been
guilty of a like violation of matrimonial duties as that of
which complaint is made, the action must be dismissed and
relief denied. This is the principle upon which the doctrine
of recrimination rests, and all of the courts agree that it is
a defense to an action of divorce based upon a specific ground
to show that the complaining spouse has been guilty of a like
offense, although they may not be unanimous upon the ques-
tion whether a like result follows when the wrongs are dis-
similar in nature. I need not cite authorities to prove these
propositions. They can be found in any work treating upon
the subject of marriage and divorce.

Our statute, also, it seems to me, can bear no other construction. The opening sentence of the chapter on divorce and alimony provides that divorces may be granted on application "of the party injured," for the causes therein defined, and, clearly, there can be no legal injury where the conduct of the one party has been no more gross than the conduct of the other. Such, moreover, has been heretofore our uniform construction of the statute. *McDougall v. McDougall*, 5 Wash. 802, 32 Pac. 749; *Colvin v. Colvin*, 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley*, 24 Wash. 460, 64 Pac. 732; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Bickford v. Bickford*, 57 Wash. 639, 107 Pac. 837; *Pierce v. Pierce*, 68 Wash. 415, 123 Pac. 598; *Ellis v. Ellis*, 77 Wash. 247, 137 Pac. 453.

The case is not aided by the finding to the effect that the court is satisfied that the parties can no longer live together. While it is true the code, after enumerating certain specific causes for which a divorce may be granted, provides: "And a divorce may be granted upon application of either party for any cause deemed by the court sufficient, and the court shall be satisfied that the parties can no longer live together;" this clause has never been held by us to authorize a divorce merely because the court may be satisfied of the fact. On the contrary, we have held that, in addition thereto, some specific cause must be found giving rise to the conclusion, and that the party in favor of whom such cause is found has not been guilty of like misconduct towards the other party. Thus, in *McDougall v. McDougall*, the governing principle is stated in this language:

"The only theory upon which we can account for the action of the court below is that it came to the conclusion that, under all the circumstances of the case, the parties would not probably again live together as husband and wife, and from that fact assumed that it would be proper to decree a dissolution of the marriage bonds. There are some who would justify a divorce for this reason, but for the good name of our state, we are glad to be able to say, that principles of this

kind have not yet taken the shape of legal enactment here. As our statute at present stands, it is not enough to authorize a decree of divorce that the court should find as a fact, that the parties will no longer live together as husband and wife. It is necessary that there should be found to exist some of the causes mentioned in the statute in favor of the one as against the other party, and that the party in favor of whom such cause of divorce is found has not been guilty of like misconduct against the other party."

So in *Colvin v. Colvin*, it was said:

"We do not think it was intended by the legislature that a divorce should be granted in every case wherein it should be found 'that the parties can no longer live together,' and where, as here, their failure to live together is due to their own obstinacy and stubbornness, we think a divorce should be denied. It is not the policy of the law that divorce should be granted merely because parties 'from unruly temper' or mutual wranglings live unhappily together. In order to have relief, it is not required that the party complaining should be wholly without fault, for the law recognizes the weakness of human nature, and measures the conduct of the parties by the standard of common experience. But where the parties to a divorce suit are *in pari delicto*, the conduct of each being a constant aggravation to further offense by the other, no divorce will be granted at the instance of either party."

In the case of *Ellis v. Ellis*, it was said:

"Whatever may be the opinion of the individual judge as to the desirability of parties continuing in the marriage relation when they have lost that mutual respect and affection which is the basis of the relation, that relation can only be legally severed when one of the parties to it is guilty of such conduct toward the other as in law constitutes a ground for divorce. It is not enough that neither party has any regard for the other. *Luce v. Luce*, 15 Wash. 608, 47 Pac. 21. Nor can irascibility of temper, nor a disposition to quarrel over trifles, be regarded as cruelty, within the meaning of that expression in divorce statutes. *Branscheid v. Branscheid*, 27 Wash. 368, 67 Pac. 812. Nor is it sufficient that the parties will no longer live together in peace and harmony. *McDougall v. McDougall*, 5 Wash. 802, 32 Pac.

749; *Colvin v. Colvin*, 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley*, 24 Wash. 460, 64 Pac. 732; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Bickford v. Bickford*, 57 Wash. 639, 107 Pac. 837; *Pierce v. Pierce*, 68 Wash. 415, 123 Pac. 598.

"Unhappiness between husband and wife is to be deplored, but when such a condition arises between them because of mutual neglect, the remedy is not the courts, but reformation of individual conduct. The case being triable here *de novo*, this record has been read in the light of the complaints, and we cannot find evidence supporting the claims of either party to justify us in holding that a divorce should be granted against the other. Neither can we say that one party or the other is the cause of the situation in which we find them. The husband holds the wife blamable and the wife accuses the husband. Neither produces any corroboration worth mentioning. We are, therefore, driven to hold, as the lower court, that neither has sustained a cause of divorce against the other. We differ with the lower court only in its announcement that, under such circumstances, the best interests of society and the state demand the annulment of this marriage."

So, in the case at bar, since it has been found that the parties have been guilty of a like offense towards the other as that of which complaint is made, it is no ground for a divorce that the court may believe that they can no longer live together.

Nor is it any ground for granting the divorce in the first instance, or for affirming the decree in this court, that the parties themselves do not suggest the question I have discussed. Marriage is a status or institution as well as a contract, and in it the state as well as the several parties thereto has an interest. It is the duty of the court, therefore, as the representative of the state's interest, to deny the divorce when it is made to appear that the complaining party has been guilty of conduct towards the other party of a like nature of which he or she complains, whether pleaded or suggested by the other party or not.

In my opinion the only decree properly to be entered is one denying the divorce, and I think the court errs in its order of affirmance.

CROW, J., concurs with FULLERTON, J.