[No. 13419.   Department One.   July 7, 1916.]

MARY C. HILLEWARE, *Respondent*, v. RENE HILLEWARE,
*Appellant*.[1]

DIVORCE—GROUNDS—EQUALITY OF FAULT—APPEAL—FINDINGS—PRE-
SUMPTION.   A decree of divorce is sustained by findings that both
parties had been guilty of cruelty rendering their married life a
burden to them and that it was impossible for them to longer live
together; since, in the absence of the evidence, it will not be pre-
sumed that the parties were equally at fault, especially where de-
fendant's admissions showed that his cruelty was endured for years
by the plaintiff before the cruelty on her part; since the findings
should be liberally construed.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered October 26, 1915, upon find-
ings in favor of the plaintiff, in an action for divorce.   Af-
firmed.

*Walter B. Allen*, for appellant.
*Griffin & Griffin*, for respondent.

ELLIS, J.—Action for divorce.   Plaintiff alleged that the
parties intermarried in 1901; that there has been born to the
marriage one child, a daughter now thirteen years old; that
plaintiff has been at all times a true, faithful, frugal and in-
dustrious wife; that throughout the marriage the defendant
has been indifferent, negligent, cruel, parsimonious and at
times brutal in his treatment of plaintiff and their child.
She set out the particulars and specific instances of these
things in detail.

Defendant by answer denied the allegations of cruelty, ad-
mitted that plaintiff had been a true, faithful, industrious and
frugal wife up to August 12, 1914, and alleged affirmatively
that, in 1913, he went to Alaska to secure employment and
that, on his return about August 12, 1914, plaintiff did not

[1]Reported in 158 Pac. 999.

welcome him and has since refused to be a wife to him except in name. After all the evidence was in, defendant was permitted to amend his answer to set up the above affirmative matter as a cross-complaint, alleging in addition that plaintiff had lost all love and respect for him and had refused to cohabit with defendant and had been guilty of acts of cruelty towards him, by reason whereof the parties were unable longer to live together and prayed for a divorce.

The court found that each of the parties had been guilty of cruelty toward the other, rendering their married life a burden to them, and that it is impossible for them longer to live together as man and wife; that the parties are entitled to a decree of absolute divorce from each other as on an application of both. The other findings relate to the custody of the child and the division of the property, concerning which no question is raised on this appeal. Upon these findings and conclusions in accordance therewith, the court entered a decree granting an absolute divorce to both parties. Defendant appeals.

Appellant has not seen fit to bring the evidence to this court. He relies for reversal solely upon the ground that the findings are insufficient to sustain the decree in that the court found that both parties had been guilty of cruelty. It is argued that, where both parties are found to be equally at fault, the court has no power to grant a decree of divorce, notwithstanding the further finding that it is impossible for them longer to live together as man and wife. This argument proceeds upon the assumption that the parties were *equally* at fault, though the court made no such finding. On that assumption, appellant cites the following decisions to the point that, where there is an equality of wrong, the court cannot grant a divorce on the ground that the parties can no longer live together. *McDougall v. McDougall*, 5 Wash. 802, 32 Pac. 749; *Colvin v. Colvin*, 15 Wash. 490, 46 Pac. 1029; *Stanley v. Stanley*, 24 Wash. 460, 64 Pac. 732; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Bickford*

*v. Bickford*, 57 Wash. 639, 107 Pac. 837; *Pierce v. Pierce*, 68 Wash. 415, 123 Pac. 598; *Ellis v. Ellis*, 77 Wash. 247, 137 Pac. 453.

Though some of those decisions contain language to the effect that no divorce will be granted where both parties are equally at fault, in none of them did this court indulge, without the evidence, any presumption of an equality of fault, or any other presumption of fact in order to defeat the decree. In each of those cases the evidence was before this court on a trial *de novo*, and in each the decree was sustained or reversed on the evidence. We shall not consume time and space by a review of these decisions in detail. Their obvious net result, so far as at all applicable here, is that where no other ground has been proven by competent evidence, the mere conclusion of the court that the parties cannot longer live together is insufficient to sustain a decree of divorce.

In the case before us, the findings, which for lack of the evidence we cannot review, went much further. The court found that both parties had been guilty of cruelty rendering their married life a burden to them. This, we must assume as a fact, but we cannot assume that the parties were equally at fault. While we cannot make new findings in the absence of evidence, it is our duty to give to the findings made as liberal a construction as the whole record before us will warrant in aid of the decree. *Bloom v. Bloom*, 57 Wash. 23, 106 Pac. 197, 135 Am. St. 965. We must assume, at least, that the evidence on behalf of both parties was directed to and tended to support their respective charges of cruelty as made in the pleadings. This assumption, taken in connection with the appellant's admission in his answer that the respondent had been a true, faithful, industrious and frugal wife up to August 12, 1914, after which time alone is there any charge of cruelty on her part, makes it plain that the husband's cruelty was endured for years by the wife before the cruelty on her part began and during all of which time the wife was without fault. It is obvious that whatever

cruelty the wife may have been guilty of was traceable to and induced by the husband's continued neglect, cruelty and parsimony.

Finally, the case plainly falls within the rule stated in *Schirmer v. Schirmer*, 84 Wash. 1, 145 Pac. 981, where we said:

"It is apparently conceded that a divorce was properly granted to the appellant, because no question is made against the finding that the respondent had been guilty of cruelty toward his wife. If a decree of divorce is granted in favor of one of the spouses, both are thereby necessarily divorced. If we should conclude, therefore, that the court erroneously declared the respondent guilty of cruelty, the result would not for that reason necessarily be changed. The only result which would follow is that no blame would attach to the appellant. In short, the appellant's contention upon this question is based upon sentiment rather than substance. In view of this conclusion, the result will not be changed even if we should conclude that the appellant was blameless."

In view of the admissions in the answer, we find no warrant for holding that the court's finding is equivalent to a finding that the parties were equally at fault, nor for holding that the decree was based upon the sole ground that the parties cannot longer live together.

The decree is affirmed.

MORRIS, C. J., MOUNT, and CHADWICK, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. The majority, following the case of *Schirmer v. Schirmer*, 84 Wash. 1, 145 Pac. 981, hold that a trial court is justified in granting a decree of divorce, although it finds that each of the parties has been guilty towards the other of wrongs for which divorces are permitted by the statutes.

In so far as they announce this principle, the cases stand as anomalies in divorce procedure. No court, prior to the

decision cited, had ever announced such a doctrine, and this court had itself distinctly repudiated it. See, *McDougall v. McDougall,* 5 Wash. 802, 32 Pac. 749; *Colvin v. Colvin,* 15 Wash. 490, 46 Pac. 1029; *Ellis v. Ellis,* 77 Wash. 247, 137 Pac. 453. For the general rule, see 2 Bishop on Marriage, Divorce and Separation, § 409, where the following is found:

"The refusing of redress to a plaintiff who is himself at fault in that whereof he complains—is a familiar and fundamental principle in our entire legal system. Marriage creates reciprocal duties. And for certain breaches of them, commonly specified by statutes, the injured party may have a divorce absolute or partial. But if one has committed a breach of this sort, he cannot conformably with the principles of our jurisprudence have a divorce for the other's violation. To bring a case within this rule, it is not sufficient that the plaintiff simply lacks the perfections which we attribute to angels, his wrong must be such that but for the other's wrong he would be liable to be himself either partially or fully divorced."

But the present opinion has faults not contained in the earlier one. Notwithstanding the case is here on the findings without the evidence, and notwithstanding the trial court found that "each of the parties had been guilty of cruelty towards the other, rendering their married life burdensome . . . . and that the parties are entitled to a decree of absolute divorce from each other as on the application of both," it is held that it is not to be supposed that the parties were equally at fault. This conclusion is based on certain admissions in the answer; it being concluded therefrom that "whatever cruelty the wife may have been guilty was traceable to and induced by the husband's continued neglect, cruelty and parsimony." But this conclusion overlooks the legal principle that divorces are never granted on the pleadings, but must be granted "for cause distinctly stated in the complaint, and proved, and found by the court, . . ." Rem. & Bal. Code, § 996. Were admissions in the pleadings to be considered, divorces could be granted on default for

want of an answer, as in civil actions generally. But the statute expressly forbids this. It is provided that, when the action remains undefended, the prosecuting attorney must appear and resist the complaint (Id., § 995); and so careful is the law that imposition may not be practiced it is provided that no prosecuting attorney shall be allowed to defend if the attorney for the applicant is a partner of or offices with the prosecuting attorney, but that in such cases the court shall appoint other counsel for such purpose.

Again, it is assumed that it is only where the parties are at fault in equal degree that a divorce will be denied. This is not the rule. While it is true that, if the fault of one is only such as to bring his conduct within the statute, a divorce will not be denied the other, even though that other may have been guilty of some degree of misconduct. But where both parties are guilty of such conduct as to warrant a divorce to the other, were that other innocent, the courts do not measure the delinquencies to ascertain which is the most at fault. They are then *in pari delicto*, and divorce is denied to either.

The judgment should be reversed.