[No. 16045.   Department One.   November 29, 1920.]

WILLIAM J. McMILLAN, *Respondent*, v. LELIA M. McMILLAN, *Appellant*.[1]

DIVORCE (14) — DEFENSES — RECRIMINATION.   Under the doctrine of "recrimination" requiring the party seeking a divorce to be innocent of a substantial wrong of the same nature toward the other party, the husband is not entitled to a divorce on the ground of cruelty, where the wife's ill tempered and aggravating conduct towards him was provoked by his own irregularities which were greater wrongs largely justifying the lesser ones on her part.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 20, 1920, upon findings in favor of the plaintiff, granting a decree of divorce, tried to the court.   Reversed.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for appellant.

*Geo. H. Rummens,* for respondent.

MACKINTOSH, J.—The respondent instituted this action of divorce against the appellant, alleging cruel and inhuman treatment and personal indignities rendering life burdensome.   To the complaint appellant answered by general denial.   The parties have a child now aged seven years.   At the conclusion of the evidence, the court entered a decree granting a divorce, from which this appeal is prosecuted.

Following the usual custom in actions of this sort, where children would be the innocent sufferers from a detailed recitation of the various charges and counter-charges, we will not enter upon an analysis of the testimony.   Summarized, it amounts to this: that the appellant has been provoked into ill tempered and aggravating conduct towards the respondent, which

[1]Reported in 193 Pac. 673.

has doubtless interfered with his peace of mind and comfort, but the testimony shows that her actions have been the result of much irregularity on the part of respondent, and that she has been largely justified in her lesser wrongs by the greater ones on his part. We feel that, under the circumstances of this case, the respondent is not entitled to a divorce, and this by reason of the doctrine of recrimination, which is that a person seeking a divorce must be innocent of any substantial wrongdoing towards the other party of the same nature as that of which complaint is made.

In 2 Bishop, Marriage & Divorce (6th ed.), § 409, the rule is stated as follows:

"The refusing of redress to a plaintiff who is himself at fault in that whereof he complains — is a familiar and fundamental principle in our entire legal system. Marriage creates reciprocal duties. And for certain breaches of them, commonly specified by statutes, the injured party may have a divorce absolute or partial. But if one has committed a breach of this sort, he cannot conformably with the principles of our jurisprudence have a divorce for the other's violation. To bring a case within this rule, it is not sufficient that the plaintiff simply lacks the perfections which we attribute to angels, his wrong must be such that but for the other's wrong he would be liable to be himself either partially or fully divorced."

Nelson, Divorce and Separation, § 425, makes the following statement:

"The maxim of equity that 'he who comes into equity must come with clean hands' is a general principle which pervades our divorce law. There are two classes of cases where it is held that the plaintiff is not entitled to relief because he does not come with clean hands: (1) Where he has provoked the injury of which he complains; and (2) where he is guilty of marital misconduct of equal gravity. The instances where the plaintiff is denied relief on account of the

first class of offenses have already been noticed, as where a party provoked the cruelty complained of, or caused the separation which is alleged as desertion. This class of misconduct is a bar to divorce because the plaintiff is himself responsible for the injury complained of. But the second class includes those cases where the plaintiff is guilty of some independent marital wrong which constitutes a cause for divorce, and which, therefore, precludes him from obtaining a divorce. The latter form of misconduct is called recrimination when alleged as a defense. The doctrine of recrimination in the early common law was that one who committed adultery could not be heard to complain of any matrimonial misconduct of the other. But in America the doctrine is now firmly established that one who has committed any cause for divorce does not come with clean hands. It is reasoned that other causes are as weighty as adultery so far as divorce is concerned, for each cause is sufficient to justify a divorce. Any cause for divorce, whether from the bonds of matrimony or from bed and board is a bar in recrimination.''

See, also, *Libbe v. Libbe,* 157 Mo. App. 701, 138 S. W. 685; *Barber v. Barber,* 153 N. Y. Supp. 256, 168 App. Div. 212; *Hall v. Hall,* 69 W. Va. 175, 71 S. E. 103, 34 L. R. A. (N. S.) 758.

This court in *McDougall v. McDougall,* 5 Wash. 802, 32 Pac. 749, said:

''It is necessary that there should be found to exist some of the causes mentioned in the statute in favor of the one as against the other party, and that the party in favor of whom such cause of divorce is found has not been guilty of like misconduct against the other party.''

See, also, *Colvin v. Colvin,* 15 Wash. 490, 46 Pac. 1029; *Cate v. Cate,* 53 Ark. 484, 14 S. W. 675; *Stanley v. Stanley,* 24 Wash. 460, 64 Pac. 732; *Pierce v. Pierce,* 68 Wash. 415, 123 Pac. 598; *Ellis v. Ellis,* 77 Wash. 247, 137 Pac. 453; *Bickford v. Bickford,* 57 Wash. 639,

107 Pac. 837; *Wheeler v. Wheeler*, 38 Wash. 491, 80 Pac. 762; *Turner v. Turner*, 82 Wash. 518, 144 Pac. 689.

Nor will a divorce be granted merely because the court may believe that the "ends and objects of society" would best be subserved by granting a decree.

The judgment of the superior court will be reversed.

HOLCOMB, C. J., BRIDGES, and PARKER, JJ., concur.